Ex parte Anthony STARNES[1]

No. 14–98–00175–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 11, 1999.

Discretionary Review Denied
Aug. 18, 1999.

---

1. This case has been styled *Ex parte Starnes* rather than *Starnes v. State* at the direction of the Court of Criminal Appeals in *Little*. *See* *Ex parte Little*, 887 S.W.2d 62, 63 n. 1 (Tex. Crim.App.1994).

Logene L. Foster, Sugar Land, TX, for appellants.

John Harrity, Richmond, TX, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON and EDELMAN.

### OPINION

EDELMAN, J.

Anthony Starnes appeals the denial of his application for writ of habeas corpus on the ground that his prosecution in this case is barred by double jeopardy. We affirm.

### Background

Appellant was charged with engaging in organized criminal activity in both Brazoria and Fort Bend Counties. After entering a guilty or no contest plea[2] in Brazoria

2. The precise nature of appellant's plea in the Brazoria County prosecution is not clear from the record in this case.

County and receiving deferred adjudication community supervision, appellant filed a pretrial application for writ of habeas corpus in Fort Bend County based on double jeopardy. The trial court denied this application.

## Standard of Review

 Appellate courts should afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *See Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim.App.1997). Appellate courts should afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *See id.* Appellate courts may review de novo "mixed questions of law and fact" not falling within this category. *See id.*

## Double Jeopardy

Appellant's two points of error argue that his prosecution in Fort Bend County is barred by the double jeopardy protections of the United States and Texas Constitutions because he has already been tried and punished for the same offense in Brazoria County. The State argues that,

3. *See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

4. *See* U.S. Const. amend. V ("nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb...."); Tex. Const. art. I, § 14 ("No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.")

5. With few exceptions, the Texas and United States Constitutions provide substantially identical double jeopardy protection. *See Ex parte Mitchell,* 977 S.W.2d 575, 580 (Tex. Crim.App.1997), *cert. denied,* — U.S. —, 119 S.Ct. 172, 142 L.Ed.2d 140 (1998); *Ex parte Davis,* 957 S.W.2d 9, 12 (Tex.Crim.App. 1997), *cert. denied,* — U.S. —, 118 S.Ct.

under *Blockburger,*[3] the offense alleged in Brazoria County is factually distinct from that alleged in Fort Bend County because the dates, places, and victims of the underlying offenses are different and must be proven as elements of the crime.

 The Double Jeopardy Clause[4] protects against successive prosecutions and multiple punishments for the same offense. *See Monge v. California,* 524 U.S. 721, 118 S.Ct. 2246, 2250, 141 L.Ed.2d 615 (1998); *Ex parte Ward,* 964 S.W.2d 617, 624 (Tex.Crim.App.), *cert. denied,* — U.S. —, 119 S.Ct. 66, 142 L.Ed.2d 52 (1998).[5] Generally, under the *Blockburger* test, two offenses do not constitute the same offense for double jeopardy purposes if each offense contains an element that the other does not. *See United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In conducting the *Blockburger* test, the elements in the charging instruments, rather than solely those in the penal provisions, are controlling. *See State v. Perez,* 947 S.W.2d 268, 270 (Tex.Crim.App.1997).[6]

 However, in cases where a defendant's conduct allegedly violates the same statute more than once, we must determine whether that conduct constituted more than one offense under the statute as a matter of statutory interpretation. *See Vineyard v. State,* 958 S.W.2d 834, 836–37

1307, 140 L.Ed.2d 472 (1998); *Ex parte Hernandez,* 953 S.W.2d 275, 285 (Tex.Crim.App. 1997), *cert. denied,* — U.S. —, 118 S.Ct. 1093, 140 L.Ed.2d 149 (1998). Without authority that the Texas Constitution provides greater double jeopardy protection under the facts of this case, we will apply the double jeopardy standards that are common to both the Texas and United States Constitutions.

6. The charging instruments control because, in addition to the statutory elements, nonstatutory allegations, such as time, place, identity, manner, and means are necessary to consider in each case to identify the unique offenses with which the defendant is charged. *See Parrish v. State,* 869 S.W.2d 352, 354 (Tex. Crim.App.1994).

nn. 5–6 (Tex.Crim.App.1998); *Iglehart v. State*, 837 S.W.2d 122, 127 (Tex.Crim.App. 1992). This determination is necessary because, although our state courts are bound by United States Supreme Court decisions interpreting the scope of double jeopardy, the determination of what constitutes an "offense" is largely a matter of state law. *See Vineyard*, 958 S.W.2d at 837 n. 6; *Iglehart*, 837 S.W.2d at 127.[7]

█ Few, if any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses. *See Sanabria v.. United States*, 437 U.S. 54, 69, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); *Vineyard*, 958 S.W.2d at 837 n. 6; *Iglehart*, 837 S.W.2d at 127. Once the legislative body has defined a statutory offense by the "allowable unit of prosecution," that proscription determines the scope of protection afforded by a prior conviction or acquittal. *See Sanabria*, 437 U.S. at 69–70, 98 S.Ct. 2170; *Spradling v. State*, 773 S.W.2d 553, 556 (Tex.Crim.App.1989). For example, because the theft statute defines an offense in terms of depriving "the owner" of property, taking property from two owners during the same criminal transaction constitutes two distinct offenses notwithstanding that both violate the same statute. *See Iglehart*, 837 S.W.2d at 127. Similarly, because the manslaughter statute defines an offense in terms of causing the death of "an individual," each individual death in a single transaction constitutes a separate offense. *See Ex parte Rathmell*, 717 S.W.2d 33, 35 (Tex.Crim.App. 1986).

█ In this case, the parties have cited and we have found no case law determining the allowable unit of prosecution under the organized criminal activity statute. Appellant contends that, because the offenses in both counties were all committed pursuant to a single agreement or combination, they should be treated as a single offense for double jeopardy purposes, *i.e.*, as in the case of a conspiracy. With a conspiracy offense, the act of agreeing is the central and operative action and thus the essence of the offense, as illustrated by the Texas conspiracy statute:

(a) A person commits criminal conspiracy if, with intent that a felony be committed:

(1) he *agrees* with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and

(2) he or one or more of them performs an overt act in pursuance of the agreement.

TEX.PENAL CODE ANN. § 15.02 (Vernon 1994) (emphasis added). Because it is the agreement that is the focus of a conspiracy, a single continuing agreement constitutes a single conspiracy offense regardless whether the object of the agreement is to commit one crime or many. *See Braverman v. United States*, 317 U.S. 49, 54, 63 S.Ct. 99, 87 L.Ed. 23 (1942).

█ Under the organized criminal activity statute, the operative action and thus the essence of the offense is committing or conspiring to commit one or more of the specified crimes:

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination[8] or in the profits of a combination …, he *commits or conspires to commit*[9] one or more of the following:

---

7. *See also Spradling v. State*, 773 S.W.2d 553, 556 (Tex.Crim.App.1989) (holding that whether the defendant's particular course of conduct involved one or more distinct offenses under the statute in question depends entirely on legislative intent and not on principles of double jeopardy).

8. A "combination" means three or more persons who collaborate in carrying on criminal activities. *See id.* § 71.01(a). Such a combination may exist even though participants do not know each other's identity and membership in the combination changes from time to time. *See id.* § 71.01(a)(1)–(2).

9. "Conspires to commit" means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense and the person

(1) murder, capital murder, arson, aggravated robbery, robbery, burglary, theft....

TEX.PEN.CODE ANN. § 71.02 (Vernon 1994) (emphasis added).[10] With regard to conspiring to commit under this statute, as with conventional conspiracy, we believe that the agreement is the essential element of the offense and therefore defines the allowable unit of prosecution and extends to whatever crimes are conspired to be committed.

■ However, with regard to organized criminal activity where a conspiracy is not alleged, such as in this case, the statute essentially provides that a person is guilty of an offense if, with the requisite intent, he *commits* one or more of the specified crimes.[11] In that context, the statute permits an allowable unit of prosecution to consist of the commission of one or, alternatively, more than one of the specified crimes.

In this case, appellant was charged in Brazoria County with the following:

[Appellant] ... on or about the 12th day of OCTOBER, 1996 ... in the [County of Brazoria, State of Texas], did then and there with intent to establish, maintain, and participate in a combination and in the profits of a combination with at least two (2) of the following: BILLY SWALLOWS and DONNA MEYEN, did then and there unlawfully, intentionally and knowingly appropriate by acquiring and by exercising control over property, other than real property, namely, A HORSE owned by KERRY LEE OSBURN hereinafter referred to as Complainant without the effective consent of Complainant and with intent to deprive the Complainant of said property....

[Appellant] ... on or about the 16th day of OCTOBER, 1996 ... in [the County of Brazoria, State of Texas], did then and there with intent to establish, maintain, and participate in a combination and in the profits of a combination with at least two (2) of the following: BILLY SWALLOWS and DONNA MEYEN, did then and there unlawfully, intentionally and knowingly appropriate by acquiring and by exercising control over property, other than real property, namely, THREE (3) HORSES owned by

and one or more of them perform an overt act in pursuance of the agreement. *See id.* § 71.01(b).

**10.** The offense of engaging in organized criminal activity thus differs from ordinary conspiracy in that, with conspiracy, the actor *need not be the person who commits an act in* furtherance of the combination, whereas with organized criminal activity, the actor must commit such an act. *See Barber v. State,* 764 S.W.2d 232, 235 (Tex.Crim.App.1988).

**11.** This is somewhat analogous to the Racketeer Influenced and Corrupt Organizations Act ("RICO") under which it is unlawful, among other things, for a person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. *See* 18 U.S.C. § 1962(c) (1994). In order to secure a RICO conviction, the government must prove the existence of both an enterprise *and* a connected pattern of racketeering activ-

ity. *See United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). The enterprise is an entity or group of persons associated for a common purpose of engaging in a course of conduct, whereas the pattern of racketeering activity is a series of criminal acts as defined by the statute. *See id.* The enterprise *is an entity separate and* apart from the pattern of activity in which it engages, and remains a separate element which must be proved by the Government. *See id.* Because the enterprise and pattern of activity are separate elements, two indictments can violate double jeopardy only where both the enterprise and pattern of activity alleged in each are the same. *See United States v. Langella,* 804 F.2d 185, 188–89 (2d Cir.1986).

Similarly, under the organized criminal activity statute, the combination is a separate element from the crimes which are committed with the intent to participate in it. Therefore, two indictments under this statute would not violate double jeopardy unless both the combination and the crimes alleged in each are the same.

RICHARD CROWSON hereinafter referred to as Complainant, without the effective consent of Complainant and with intent to deprive the Complainant of said property....

After entering a plea on the Brazoria County charge, appellant was indicted in Fort Bend County. That indictment alleged, in part, that:

in Fort Bend County, Texas, On or about the 30th day of August, 1996, continuing until on or about the 15th day of November, 1996, pursuant to one scheme and continuing course of conduct, TOM RICHARD DOYLE, DONNA KAYE MEYEN, [APPELLANT], AND BILLY WAYNE SWALLOWS ... with intent to establish, maintain and participate in a combination consisting of three or more of said defendants, and in the profits of said combination, did then and there commit the offense of THEFT, and in furtherance of said organized criminal activity ...

Paragraph B of this indictment then alleged six different instances of theft from six different complainants in which appellant and three others participated "pursuant to one scheme and continuing course of conduct...." The complainants listed in each indictment were not among those listed in the other.

■■■ Because we interpret the organized criminal activity statute to allow the commission of crimes to be either separately or collectively prosecuted where no conspiracy is alleged, we conclude that the Fort Bend County prosecution does not subject appellant to a second prosecution for the same offense as alleged in the Brazoria County prosecution so as to violate his rights against double jeopardy. Accordingly, we overrule appellant's two points of error and affirm the judgment of the trial court.