Affirmed and Opinion filed November 2, 2004









Affirmed and Opinion filed November 2, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00376-CR

____________

 

EX PARTE MICHAEL
ALDONDUS BALQUE

 

 

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 980,661

 



 

O P I N I O N

Applicant Balque was sentenced to 31 years
in prison and assessed a $10,000 fine after a jury found him guilty of
aggravated kidnapping and found the enhancement paragraph to be true.  Balque appeals the trial court’s denial of
his pretrial petition for a writ of habeas corpus relief.  Because we find the U.S. and Texas
Constitutions’ double jeopardy clauses do not bar his prosecution, we affirm.

 

 

 








FACTUAL AND PROCEDURAL BACKGROUND

Balque was convicted of aggravated
kidnapping under section 20.04 of the Texas Penal Code.[1]  On direct appeal, the Amarillo Court of
Appeals found the evidence factually insufficient on the ‘abduction’ element of
the charge.[2]  Balque v. State, No. 07-01-0154-CR,
2002 WL 1290913, at *3 (Tex. App.—Amarillo June 11, 2002) (not designated for
publication), rev’d by, Balque v. State, No. 1354-02, 2003 WL 21509178
(Tex. Crim. App. July 2, 2003) (not designated for publication).  The court reversed Balque’s aggravated
kidnapping conviction and remanded for a new punishment hearing on the lesser
offense of assault.  The State filed a
petition for discretionary review, which was granted, and the Texas Court of
Criminal Appeals held that the appropriate remedy was a new trial on the
original felony indictment.  Balque v.
State, 2003 WL 21509178, at *1.  On
remand, the Amarillo Court of Appeals reversed and remanded the cause for a new
trial on the aggravated kidnapping charge. 
Balque v. State, No. 07-01-0154-CR, 2003 WL 21825576 (Tex.
App.—Amarillo Aug. 7, 2003) (not designated for publication).  Balque then filed a pretrial petition for a
writ of habeas corpus, which the trial court denied.  In three points of error, Balque contends
that his retrial is barred by the double jeopardy clauses of the U.S. and Texas
constitutions, by collateral estoppel, and by application of the law of the
case doctrine.  We will address each in
turn.

 

 

 








ANALYSIS

The constitutional guarantee against double jeopardy permits Balque’s
retrial.

Balque contends that his retrial violates
the proscriptions against double jeopardy contained in the United States and
Texas Constitutions.  Because the Texas
Constitution does not provide greater protection from double jeopardy than the
federal constitution, we will not perform a separate analysis for the Texas
Constitution’s double jeopardy guarantee. 
Phillips v. State, 787 S.W.2d 391, 393 n. 2 (Tex. Crim. App.
1990) (en banc) (“Conceptually, the state and federal constitutional provisions
are identical.”) (citations omitted); Ex parte Starnes, 993 S.W.2d 685,
687 n. 5 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d) (“Without authority
that the Texas Constitution provides greater double jeopardy protection under
the facts of this case, we will apply the double jeopardy standards that are
common to both the Texas and United States Constitutions.”).

The Amarillo Court of Appeals found the
evidence factually insufficient to support Balque’s conviction.  Contrary to Balque’s assertion, not all
insufficiency findings will bar a retrial on double jeopardy grounds.  Although an appellate determination that the
evidence is legally insufficient will bar a retrial, a determination that the
evidence is factually insufficient will not. 
Tibbs v. Florida, 457 U.S. 31, 40–41, 42, 102 S.Ct. 2211 (1982); Clewis
v. State, 922 S.W.2d 126, 136 (Tex. Crim. App. 1996) (en banc) (“As the
United States Supreme Court held, the Double Jeopardy Clause does not prohibit
a retrial if the reversal is based on factual insufficiency of the
evidence.  However, retrial is prohibited
where the reviewing court determines that the evidence is insufficient under Jackson.”)
(citing Tibbs, 457 U.S. at 39.) 
This is because a legal insufficiency finding means the trial court
should have entered a judgment of acquittal and an acquittal bars subsequent
prosecutions.  Tibbs, 457 U.S. at
41.  A finding of factual insufficiency,
however, is not the equivalent of an acquittal and does not bar retrial.  Id. at 42.  Because Balque’s conviction was reversed on
factual, and not legal, insufficiency grounds, we overrule Balque’s contention
that his retrial violates the constitutional guarantee against double jeopardy.








The collateral estoppel doctrine does not preclude
Balque’s retrial.

The guarantee against double jeopardy
embodies the doctrine of collateral estoppel. 
Ashe v. Swenson, 397 U.S. 436, 445, 90 S. Ct. 1189 (1970).  Collateral estoppel prevents  the same parties in a future lawsuit from
relitigating an issue that has already been determined by a valid and final
judgment.  Id. at 443.  Balque asserts that principles of collateral
estoppel bar the State from retrying him because the Amarillo Court of Appeals
found that the evidence was factually insufficient to convict him.  However, the doctrine applies only when a
“valid and final judgment” has been entered. 
Id.  No final judgment exists
here because  the appellate court set the
trial judgment aside, did not enter a new judgment finally disposing of the
case on the merits, and remanded the case for a new trial.  Thus, this record contains no ‘final
judgment’ for collateral estoppel purposes. 
Garcia v. State, 768 S.W.2d 726, 729 (Tex. Crim. App. 1987) (en
banc) (“[T]he reversal of a judgment on appeal should eliminate its status as
being final and valid for purposes of collateral estoppel.”).  We overrule Balque’s second point of error.

The law of the case doctrine is inapplicable and does
not bar Balque’s retrial.








Finally, Balque asks this court to grant
habeas relief because the law of the case doctrine prevents his retrial.  Under this doctrine, when “determinations as
to questions of law have already been made on a prior appeal to a court of last
resort, those determinations will be held to govern the case throughout all its
subsequent stages, including a retrial and a subsequent appeal.”  Granviel v. State, 723 S.W.2d 141, 147
(Tex. Crim. App. 1986) (en banc).  As its
name suggests, “[t]he doctrine of the law of the case only applies to questions
of law and does not apply to questions of fact.”  Hudson v. Wakefield, 711 S.W.2d 628, 630
(Tex. 1986) (citations omitted).  Here,
the appellate court determined that the evidence was factually insufficient to
support the abduction element of aggravated kidnapping.  Factual sufficiency is a question of
fact.  Clewis, 922 S.W.2d at 133
(“[T]he issue of factual sufficiency is a question of fact.”) (citing Ex
parte Schuessler, 846 S.W.2d 850, 852 n.5 (Tex. Crim. App. 1993) (en
banc)).  Because the previous appellate
ruling in Balque’s case involved a question of fact, we conclude the doctrine
of the law of the case also does not apply and we overrule Balque’s third point
of error.

Finding no merit in Balque’s three
points of error, we affirm the trial court’s order denying the pretrial
petition for habeas corpus relief.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Opinion filed November 2, 2004.

Panel
consists of Justices Yates, Fowler and Guzman.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 

 











[1]  “A person
commits an offense if he intentionally or knowingly abducts another person with
the intent to . . . inflict bodily injury on him or violate or abuse him
sexually. . . .”  Tex. Penal Code § 20.04(a).





[2]  “‘Abduct’
means to restrain a person with intent to prevent his liberation by secreting
or holding him in a place where he is not likely to be found. . . .”  Id. § 20.01(2).  In this case, the place of ‘abduction’ was
Balque’s apartment (where the complainant had been living) and a number of
people knew of complainant’s whereabouts. 
The appellate court determined that the evidence was factually
insufficient to show that Balque held the complainant in a place where she was
not likely to be found.  R.R. at 28.