Ex parte Randy Sullivan SCHROETER.

No. 72925.

Court of Criminal Appeals of Texas.

Nov. 26, 1997.

Rehearing Denied Jan. 28, 1998.

Louis A. Gimbert, Huntsville, for appellant.

Jerome Aldrich, Angleton, Matthew Paul, State's Atty., Austin, for State.

## OPINION

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of indecency with a child and punishment was assessed at three years imprisonment. No appeal was taken from this conviction.

Applicant contends that he has improperly been denied release on mandatory supervision. The record reflects that applicant was convicted of having committed this offense on November 19, 1994, and that as of July 1, 1997, had accrued a total of almost five years combined good and flat time credits, yet had not been released on mandatory supervision on this three year sentence. Also, no affirmative finding of use of a deadly weapon was entered in this cause.

At the time Applicant committed this offense Article 42.18, § 8(c), V.A.C.C.P., provided:

Except as otherwise provided by this subsection, a prisoner who is not on parole shall be released to mandatory supervision by order of a parole panel when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced. * * * A prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for an offense and the judgment for the offense contains an affirmative finding under Subdivision (2), Subsection (a),

Section 3g, Article 42.12, of this code or if the prisoner is serving a sentence for:

(1) a first degree felony under Section 19.02, Penal Code (Murder);

(2) a capital felony under Section 19.03, Penal Code (Capital Murder);

(3) a first degree felony or a second degree felony under Section 20.04, Penal Code (Aggravated Kidnapping);

(4) a second degree felony under Section 22.011, Penal Code (Sexual Assault);

(5) a second degree or first degree felony under Section 22.02, Penal Code (Aggravated Assault);

(6) a first degree felony under Section 22.021, Penal Code (Aggravated Sexual Assault);

(7) a first degree felony under Section 22.04, Penal Code (Injury to a Child or an Elderly Individual);

(8) a first degree felony under Section 28.02, Penal Code (Arson);

(9) a second degree felony under Section 29.02, Penal Code (Robbery);

(10) a first degree felony under Section 29.03, Penal Code (Aggravated Robbery);

(11) a first degree felony under Section 30.02, Penal Code (Burglary), if the offense is punished under Subsection (d)(2) or (d)(3) of that section; or

(13)[sic] a felony for which the punishment is increased under Section 481.134 (Drug-Free Zones), Health and Safety Code.

The relevant portions of this statute state that *"Except as otherwise provided by this subsection,* a prisoner ... *shall* be released to mandatory supervision ... when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced"* (emphasis added). Black's Law Dictionary defines "shall," as used in statutes, as "generally imperative or mandatory, ... a word of command and one which has always or must be given a compulsory meaning."[1] Indecency with a child was not listed as one of the enumerated offenses for which an offender is ineligible for mandatory supervision, and no affirmative finding was entered in the judgment in this cause. The unambiguous language in Art. 42.18, § 8(c), requires Applicant's immediate release.

■ However, the Attorney General has issued an opinion that prisoners convicted of indecency with a child are not eligible for release on mandatory supervision because application of the plain language of Art. 42.18, § 8(c), would lead to an "absurd result."[2] That opinion relies on the 73rd Legislature's amendment of Article 42.12, § 3g, V.A.C.C.P., to include the offenses of murder and indecency with a child in the list of offenses enumerated in subsection (a)(1). Section 3g(a) provides that a trial judge may not place on community supervision a defendant convicted of one of the enumerated offenses if the defendant was sentenced to a term of imprisonment by the judge. Additionally, Art. 42.18, § 8(b)(3), was amended to provide that persons convicted of offenses enumerated in § 3g would not be eligible for release on discretionary parole until they had served two years calendar time for sentences of less than four years or the lesser of one-half of their sentence or thirty years calendar time on longer sentences.

The effect of these 1993 amendments was that an inmate convicted of indecency with a child might be released on mandatory supervision before becoming eligible for release on discretionary parole. The Attorney General's opinion reasoned that this would be an absurd result, and therefore read into § 8(c) an inclusion of indecency with a child as an offense not eligible for mandatory supervision even though the legislature had never exempted that offense from mandatory supervision eligibility since first removing some convictions from mandatory supervision eligibility beginning in 1987. The opinion relied on dicta in *State v. Shoppers World, Inc.,* 380 S.W.2d 107 (Tex.1964), that "[w]hen [legislative] intent is clear it will be given effect by the courts even to the extent of adding words to the language used by the legislature."

---

1. Black's Law Dictionary 1375 (6th ed.1990).

2. Op. Tex. Atty. Gen. DM 96–126 (1996). While Attorney General's opinions are persuasive, they are not binding on the courts. *Tussey v. State,* 494 S.W.2d 866, 870, n. 3 (Tex.Cr.App.1973).

In this situation the legislature did not include indecency with a child in the list of ineligible offenses when it created the exclusions from mandatory supervision in 1987. Assuming arguendo the legislature in 1993 did intend to include indecency with a child in the list of offenses not eligible for mandatory supervision, its error was in failing to amend a previous statute, not in enacting new provisions which failed to effect the intent of the new provisions. We believe the "absurd result" principle applies to interpreting what the legislature did do, not what it failed to do, and does not apply in this situation. See *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Cr.App.1991).

Finally, the 75th Legislature has complicated resolution of this matter by amending § 8(c) to include the offenses of murder with sudden passion and indecency with a child, effective May 23, 1997, but including a proviso that this amendment "is not a change in the law but rather confirms that inmates convicted of those offenses are ineligible for release on mandatory supervision, consistent with the intent of the 73rd Legislature, Regular Session, 1993, as evidenced by the addition of those offenses to Section 3g...." Tex. H.B. 432, Section 2, 75th Leg. (1997).[3]

Although this proviso appears to approve the Attorney General's opinion, one session of the legislature does not have the power to declare the intent of a past session, and a legislative construction of an act of another legislature is uniformly held to be entitled to little weight. *Rowan Oil Company v. Texas Employment Commission*, 152 Tex. 607, 263 S.W.2d 140, 144 (1953); see also *Snyder v. Compton*, 87 Tex. 374, 28 S.W. 1061, 1062 (1894). Additionally, a legislature may not retroactively make a punishment more severe by changing application of good time laws. *Lynce v. Mathis*, —— U.S. ——, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). Therefore, the proviso in H.B. 432 may not retroac-

tively amend § 8(c) to coincide with the effective dates of the 1993 amendment to Art. 42.12, § 3g.

Consequently, persons convicted of indecency with a child committed before May 23, 1997, must be released on mandatory supervision once their actual time served, plus good and work time credits, equal the sentence assessed.[4]

Applicant is entitled to relief. The Texas Department of Criminal Justice, institutional division, shall immediately release applicant on mandatory supervision unless he has forfeited good times for institutional misconduct such that his total credits are less than three years.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, institutional and parole divisions.

---

3. This amendment failed to note that Art. 42.18 was elsewhere recodified by Tex. S.B. 898 §§ 12.01, 12.22, as V.T.C.A. Gov't.Code §§ 508.141—508.323, but Tex. S.B. 898, § 1.02 provided that any amendments in other bills would be effective notwithstanding the recodification.

4. Provided there are no other convictions or warrants authorizing their continued confinement, and a parole panel has not determined such a release would endanger the public with the offense having been committed on or after September 1, 1996. See V.T.C.A. Gov't. Code § 508.149(b).