TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00476-CR






Kenneth Duane Porter, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 97-172-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







 Kenneth Duane Porter appeals his conviction for possession of child pornography. 
See Tex. Penal Code Ann. § 43.26 (West 1994). Porter filed a motion to suppress evidence
obtained from his computer's hard drive, claiming that the computer was searched illegally and
without his consent. Porter waived his right to a jury trial and was tried before the court on the
basis of the evidence offered at the hearing on the motion to suppress. The trial court found Porter
guilty and assessed his sentence at eight years' imprisonment. On appeal, Porter disputes the legal
sufficiency of the evidence to support his conviction. Porter also argues that the search of his
computer violated his constitutional and statutory rights. We will reverse the trial court's
judgment and render a judgment of acquittal.

FACTUAL AND PROCEDURAL BACKGROUND

 On October 16, 1996, Kenneth Porter brought his computer to the customer service
department of the Dell Factory Outlet Store in Austin for the repair of a broken microphone jack. 
Dell technician Lonnie Gilliland received the computer, turned it on, and the Windows 95
operating system started automatically. With Windows 95 running, the computer displayed
various icons on the desktop, representing program shortcuts that enable a user to start a program
by clicking on the icon. One icon caught Gilliland's attention and he started the program, which
automatically opened a folder on the computer's hard drive. Gilliland had heard of the program,
which enabled the user to view images on the computer monitor, and was curious to see how it
operated; he testified that starting the program had nothing to do with the procedure for repairing
the broken microphone. Gilliland looked at files in the folder and discovered one that appeared
to depict a girl under the age of 18 engaged in sexual conduct. Gilliland immediately turned off
the computer monitor and summoned his manager; after viewing the file, the manager contacted
an off-duty officer of the Texas Department of Public Safety ("DPS") who worked as a security
guard at the Dell facility. With Gilliland's assistance, DPS officer Sue Baxter examined several
other files in the folder and contacted her supervisors at DPS. A DPS investigator arrived and
took possession of the computer.

 Neither the initial search of the computer by Officer Baxter nor the seizure of the
computer was made pursuant to a search warrant, and Gilliland testified that he had not been given
consent to look in any files other than those relating to the broken microphone jack. DPS
investigator Mark Riordan subsequently interviewed Porter and sought his consent, after the fact,
to search the computer; Porter refused. Riordan then obtained a warrant to search the computer.

 Porter was indicted for the offense of possession of child pornography and waived
his right to a jury trial. See Tex. Penal Code Ann. § 43.26 (West 1994). Porter moved to
suppress the State's evidence. By agreement of the parties, Porter received a bench trial on the
basis of the evidence adduced at the hearing on Porter's motion to suppress. Porter pleaded not
guilty to the indictment, was found guilty by the court, and was sentenced to eight years'
imprisonment.

 Porter raises four points of error on appeal. First, he disputes the sufficiency of
the evidence to support his conviction as a matter of law. Porter also claims that the evidence was
legally or, in the alternative, factually insufficient to show proper venue in Williamson County. 
Porter further urges that the trial court erred in admitting evidence obtained in an illegal private
party search, in violation of article 38.23 of the Texas Code of Criminal Procedure. Tex. Code
Crim. Proc. Ann. art. 38.23 (West 1981). Finally, Porter claims error in the trial court's
admission of evidence obtained by means of an unreasonable search and seizure in violation of his
rights under the Fourth and Fourteenth Amendments to the United States Constitution. U.S.
Const. Amends. IV, XIV.


DISCUSSION

 In his first point of error, Porter challenges the legal sufficiency of the evidence to
support his conviction. In reviewing a legal sufficiency challenge, we consider the evidence in
the light most favorable to the judgment and ask whether a rational trier of fact could have found
all the elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307,
319 (1979); Williams v. State, 958 S.W.2d 186, 190-91 (Tex. Crim. App. 1997). Porter was
convicted under the version of Penal Code section 43.26 in effect in 1996, which provided in
pertinent part:


(a) A person commits an offense if:


 (1) the person knowingly or intentionally possesses material containing a film
image that visually depicts a child younger than 18 years of age at the
time the film image of the child was made who is engaging in sexual
conduct; and 


 (2) the person knows that the material depicts the child as described by
Subdivision (1).


(b) In this section:

 

 (1) "Film image" includes a photograph, slide, negative, film, or videotape,
or a reproduction of any of these.



Act of May 27, 1985, 69th Leg., R.S., ch. 530, § 2, 1985 Tex. Gen. Laws 2133, 2134 (Tex.
Penal Code Ann. § 43.26, since amended) (current version at Tex. Penal Code Ann. § 43.26
(West Supp. 1999)).

 The possession of "material containing a film image" is an essential element of the
offense under former section 43.26. See Tex. Penal Code Ann. § 43.26 (West 1994); Vineyard
v. State, 913 S.W.2d 731, 733 (Tex. App.--Eastland 1995), rev'd on other grounds, 958 S.W.2d
834 (Tex. Crim. App. 1998). Porter argues that data files and a viewer program on a hard drive
do not constitute "material containing a film image" as prohibited by former section 43.26. See
Tex. Penal Code § 43.26 (West 1994). Therefore, Porter argues that as a matter of law, he cannot
have been found guilty of the offense. We agree.

 The statutory definition of "film image" refers to various visual and photographic
media. See Tex. Penal Code Ann. § 43.26(a)(2) (West 1994). However, computer data and
computer programs are not visual media. The Penal Code defines "data" as "a representation of
information, knowledge, facts, concepts, or instructions that is being prepared or has been
prepared in a formalized manner and is intended to be stored or processed, is being stored or
processed, or has been stored or processed in a computer." Tex. Penal Code Ann. § 33.01(11)
(West 1994). The Penal Code defines a "computer program" as "an ordered set of data
representing coded instructions or statements that when executed by a computer cause the
computer to process data or perform specific functions." Id. § 33.01(5). The program on Porter's
computer, when executed, caused the computer to interpret a data file in order to display an image
on the monitor. However, the program and data file are not themselves images. Thus, we
determine that Porter's computer hard drive did not contain a "film image" under the meaning of
the former section 43.26. See Tex. Penal Code Ann. § 43.26 (West 1994).

 Under the statutory definition, a "film image" also includes "a reproduction" of
a photograph, slide, negative, film, or videotape. Id. The statute does not define "reproduction." 
When a word is not specifically defined in a statute, we construe the word in the sense in which
it is understood in common language, considering the context and subject matter relative to which
the word is employed. See Sanford v. State, 492 S.W.2d 581 (Tex. Crim. App. 1973). As
commonly understood, a "reproduction" means a copy or a duplicate. (1) In the context of former
section 43.26, a "reproduction" refers to an image copied from a photograph, slide, negative,
film, or videotape. See Tex. Penal Code Ann. § 43.26 (West 1994).

 To reproduce an image is to create another image. Thus, possession of a
reproduction of an image is still possession of an image. However, the hard drive of Porter's
computer did not contain an image per se, but rather contained a digitally encoded set of
instructions for copying an image. When a user activates the viewer program, those instructions
are executed and the computer produces the copy. However, neither the set of instructions nor
the data processed according to those instructions are actual reproductions of an image. We
determine that the information stored on Porter's hard drive has the capacity to create a
reproduction of an image, but is not an actual reproduction itself. We therefore conclude that
Porter did not possess "a film image . . . or a reproduction" of a film image under the meaning
of former section 43.26.

 When the language of a statute is ambiguous, we may look to its legislative history
as an aid in interpreting the statute. See Tovar v. State, 978 S.W.2d 584, 586 (Tex. Crim. App.
1998). "The legislative intent of a statute may be extracted from the records of its legislative
history." Howard v. State, 690 S.W.2d 252, 254 (Tex. Crim. App. 1985). We must construe
former Penal Code section 43.26 according to the meaning the statute had when it was enacted. 
See Taylor v. Firemen's and Policemen's Civil Serv. Comm'n, 616 S.W.2d 187, 189 (Tex. 1981).

 Former Penal Code section 43.26 was enacted in 1985. See Act of May 27, 1985,
69th Leg., R.S., ch. 530, § 2, 1985 Tex. Gen. Laws 2133, 2134. From the legislative history of
the former section 43.26, it does not appear that the legislature contemplated that this provision
would apply to data encoded on a computer. See House Comm. on Criminal Jurisprudence, Bill
Analysis, Tex. H.B. 626, 69th Leg., R.S. (2133). The State notes that former section 43.26 was
amended in 1993, and asserts that at the time of the 1993 amendment, the legislature was aware
of the use of computers for storing data to reproduce photographic images. See Act of May 29,
1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3685 (codified at Tex. Penal
Code Ann. § 43.26 (West 1994)). However, nothing in the language or legislative history of the
1993 amendment to former section 43.26 indicates that the legislature intended at that time to
expand the statute to cover computer material. (2) Had the 73rd Legislature intended to expand the
list of material prohibited under former section 43.26, it failed to do so in the 1993 amendment
to the statute.

 The legislature again amended section 43.26 in 1997, this time adding language that
did expressly bring computer material under the purview of the statute. See Act of May 23, 1997,
75th Leg., R.S., ch. 933, 1997 Tex. Gen. Laws 2931 (codified at Tex. Penal Code Ann. § 43.26
(West Supp. 1999)). The revised statute provides in pertinent part:


(a) A person commits an offense if:


 (1) the person knowingly or intentionally possesses visual material that
visually depicts a child younger than 18 years of age at the time the image
of the child was made who is engaging in sexual conduct; and


 (2) the person knows that the material depicts the child as described by
Subdivision (1).


(b) In this section:


 (3) "Visual material" means:


 (A) any film, photograph, videotape, negative, or slide or any
photographic reproduction that contains or incorporates in any
manner any film, photograph, videotape, negative, or slide; or


 (B) any disk, diskette, or other physical medium that allows an image to
be displayed on a computer or other video screen and any image
transmitted to a computer or other video screen by telephone line,
cable, satellite transmission, or other method.



Tex. Penal Code Ann. § 43.26 (West Supp. 1999) (emphasis added).

 While the 1997 amendment to section 43.26 indicates the intent of the 75th
Legislature to expand the scope of the statute, the act of one session of the legislature cannot
declare the intent of a past session. See Ex parte Schroeter, 958 S.W.2d 811, 813 (Tex. Crim.
App. 1997). Indeed, the 1997 amendment reflects the legislature's belief that the version of the
statute at issue in this appeal did not cover possession of computer material, a situation the 1997
Legislature wished to change. See Ex parte Trahan, 591 S.W.2d 837, 842 (Tex. Crim. App.
1979) ("In enacting an amendment the Legislature is presumed to have changed the law, and a
construction should be adopted that gives effect to the intended change, rather than one that
renders the amendment useless.").

 We hold that possession of computer data and computer programs stored on a hard
drive does not constitute possession of a "film image" or a "reproduction" of a film image as
prohibited by the version of Penal Code section 43.26 in effect in 1996. Tex. Penal Code Ann.
§ 43.26 (West 1994). We are comforted in this holding by the knowledge that the legislature has
already addressed this failure of the statute; the legislature's revision of the statute ensures that our
ruling does not impede the State's future prosecutions of this offense. However, the 1997
amendment became effective some eleven months after Porter's computer was searched and cannot
relate back to cover Porter's prosecution. Having determined that possession of computer data
and computer programs does not constitute possession of a film image or its reproduction under
the relevant statute, we conclude that the evidence was legally insufficient to support the trial
court's judgment of conviction. Porter's first point of error is sustained. Because of this
disposition, we need not address Porter's other points of error.


CONCLUSION

 The trial court erred in finding Porter guilty on the basis of legally insufficient
evidence. We reverse the judgment of the trial court and render a judgment of acquittal.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Rendered

Filed: June 17, 1999

Publish

1. Webster's Third New International dictionary defines a "reproduction" as a "copy,"
"likeness," or "counterpart." Webster's Third New International Dictionary 1927, 1928 (Philip
B. Gove ed., 1986).
2. The 1993 amendment simply substituted "18" for "17" in subsection (a)(1), and made other
nonsubstantive changes. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex.
Gen. Laws 3586, 3685 (codified at Tex. Penal Code Ann. § 43.26 (West 1994)). 


 to cover computer material. (2) Had the 73rd Legislature intended to expand the
list of material prohibited under former section 43.26, it failed to do so in the 1993 amendment
to the statute.

 The legislature again amended section 43.26 in 1997, this time adding language that
did expressly bring computer material under the purview of the statute. See Act of May 23, 1997,
75th Leg., R.S., ch. 933, 1997 Tex. Gen. Laws 2931 (codified at Tex. Penal Code Ann. § 43.26
(West Supp. 1999)). The revised statute provides in pertinent part:


(a) A person commits an offense if:


 (1) the person knowingly or intentionally possesses visual material that
visually depicts a child younger than 18 years of age at the time the image
of the child was made who is engaging in sexual conduct; and


 (2) the person knows that the material depicts the child as described by
Subdivision (1).


(b) In this section:


 (3) "Visual material" means:


 (A) any film, photograph, videotape, negative, or slide or any
photographic reproduction that contains or incorporates in any
manner any film, photograph, videotape, negative, or slide; or


 (B) any disk, diskette, or other physical medium that allows an image to
be displayed on a computer or other video screen and any image
transmitted to a computer or other video screen by telephone line,
cable, satellite transmission, or other method.



Tex. Penal Code Ann. § 43.26 (West Supp. 1999) (emphasis added).

 While the 1997 amendment to section 43.26 indicates the intent of the 75th
Legislature to expand the scope of the statute, the act of one session of the legislature cannot
declare the intent of a past session. See Ex parte Schroeter, 958 S.W.2d 811, 813 (Tex. Crim.
App. 1997). Indeed, the 1997 amendment reflects the legislature's belief that the version of the
statute at issue in this appeal did not cover possession of computer material, a situation the 1997
Legislature wished to change. See Ex parte Trahan, 591 S.W.2d 837, 842 (Tex. Crim. App.
1979) ("In enacting an amendment the Legislature is presumed to have changed the law, and a
construction shou