

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0934-11

### KIMBERLY SHERVON GARRETT, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

### * * *

### NO. PD-1117-11

### SEQUEASIA TURNER, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS TARRANT COUNTY

KELLER, P.J., filed a dissenting opinion in which WOMACK and

JOHNSON, JJ., joined.

The question before us is whether trial judges have the authority to extend a period of probation for persons on deferred adjudication for state-jail felonies.[1] After examining various provisions in Article 42.12,[2] both at the time they were enacted and as they were subsequently amended, I conclude that trial judges do not have that authority.

## A. What the Legislature Did

In 1993, the legislature created a new grade of offense called the state-jail felony.[3] At the same time, the legislature added Section 15 to the probation statute (Article 42.12 of the Code of Criminal Procedure) to accommodate state-jail felonies. Section 15 outlined the availability and length of "regular" probation in state-jail felony cases.[4] Subsection 15(b) governed when a judge could extend a period of regular probation.[5] Meanwhile, Sections 3 and 4 of the probation statute—which had previously outlined the availability and length of regular probation in all cases— were amended to *exclude* state-jail felonies.[6] The legislature also amended Sections 3 and 4 to permit a judge to extend a period of probation "in the manner provided by Section 22(c) of this

---

[1]  "Probation" and "community supervision" are interchangeable terms.

[2]  TEX. CODE CRIM. PROC. art. 42.12.

[3]  *See* Acts 1993, 73rd Leg., S.B. 1067 (enrolled version), §1.01, lines 43-1 to 43-23.

[4]  *See id.*, § 4.01, lines 379-12 to 382-11. As the Court correctly observes, Section 15 has always been limited to situations in which a person has been convicted and, so, has no application to persons who are placed on deferred adjudication. *See* Court's op. at 10-11.

[5]  *Id.*, lines 379-21 to 379-26 (Art. 42.12, § 15(b)).

[6] *Id.*, lines 339-15 to 339-20 (Art. 42.12, § 3(e)(2)), and lines 342-12 to 342-17 (Art. 42.12, § 4(d)(2)) ("A defendant is not eligible for community supervision under this section if the defendant . . . is sentenced to serve a term of confinement under Section 12.35, Penal Code."). For jury-recommended probation, the statute was later amended to exclude only state-jail felonies for which the imposition of probation was automatic under § 15(a). *See* Art. 42.12, § 4(d)(2) (current version).

article."[7]  An identical reference to Section 22(c) was added to Section 5, the deferred-adjudication

statute.[8]  The legislature did not add a reference in Section 5 to Section 15(b), the state-jail felony

counterpart to Section 22(c), even though the language in the latter two provisions was virtually

identical with respect to the procedure for extending the period of community-supervision.[9]  With

respect to whether and how long community supervision could be extended, Section 22(c), which

was new, provided in relevant part:

> The judge may extend a period of community supervision under this section as often
> as the judge determines is necessary, but in no case may the period of community
> supervision in a *first, second, or third degree felony* case exceed 10 years or the
> period of community supervision in a misdemeanor case exceed three years.[10]

### B. What it Means

In construing a statute, we seek to effectuate the legislature's collective intent.[11]  We discern

that intent solely from the literal text of the statute unless the text is ambiguous or leads to absurd

results that the legislature could not have possibly intended.[12]  When analyzing the literal text, we

---

[7]  S.B. 1067, § 4.01, lines 339-12 to 339-14 (Art. 42.12, § 3(d)) and lines 342-9 to 342-11 (Art. 42.12, § 4(c)).

[8]  *Id.*, lines 345-13 to 345-15 (Art. 42.12, § 5(a)) ("A judge may increase the maximum period of community supervision in the manner provided by Section 22(c) of this article.").

[9]  *Compare id.*, lines 379-21 to 379-26 (Art. 42.12, § 15(b)) ("A judge may extend a period of community supervision under this section at any time during the period of community supervision, or if a motion for revocation of community supervision is filed before the period of community supervision ends, before the first anniversary of the expiration of the period of community supervision.") to *id.*, lines 407-1 to 407-5 (Art. 42.12, § 22(c)) ("A court may extend a period of community supervision under this section at any time during the period of supervision or, if a motion for revocation of community supervision is filed before the period of community supervision ends, before the first anniversary of the date on which the period of supervision expires.").

[10]  *Id.*, lines 406-23 to 406-27 (Art. 42.12, § 22(c)) (emphasis added).

[11]  *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011).

[12]  *Id.* (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)).

read words and phrases in context, construing them according to the rules of grammar and usage, and we presume that each word, phrase, clause, and sentence should be given effect if reasonably possible.[13]  If the text is ambiguous or leads to absurd results that the legislature could not have possibly intended, we may consult extra-textual sources of information.[14]

The Court contends that the language of Section 22(c) is ambiguous.  Even though the relevant portion of Section 22(c) refers to every grade of offense *but* the state-jail felony, the Court divides that single sentence (quoted above) into two parts, with the first part authorizing the trial court to extend the period of probation and the second part (involving the reference to grades of offenses) restricting how long such an extension can be.  This construction leaves an obvious hole in Section 22(c): How long can (deferred adjudication) supervision for a state-jail felony be extended?

To fill that hole, the Court looks to the deferred-adjudication provision (in Section 5) that says, "In a felony case, the period of community supervision may not exceed 10 years."[15]  But that provision covers *all* classes of felonies, not just state-jail felonies.  If that provision is sufficient to fill in the hole created by the Court's construction of Section 22(c), why does Section 22(c) need to even contain the phrase "first, second, and third degree felony"?  By using Section 5(a) to fill the hole created by the Court's construction of Section 22(c), the Court renders the phrase  superfluous. And at the time Section 22(c) was passed, the Court's construction would have rendered the phrase superfluous, not just in the deferred-adjudication context, but also for regular probation, because the

---

[13]  *Id.* (citing  *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008), and *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997)).

[14]  *Id.* (citing *Boykin*).

[15]  Art. 42.12, § 5(a).  *See also* S.B. 1067, § 4.01, lines 345-10 to 345-12.

sections that addressed regular probation for non-state-jail felonies (Sections 3 and 4) also provided, "In a felony case . . . the maximum period of community supervision is 10 years."[16]

Moreover, with respect to regular probation, the 1993 amendments unambiguously created two separate tracks: state-jail felonies were governed entirely by Section 15, while cases involving all other grades of offenses were governed by Sections 3, 4, and 22(c). The omission of any reference to state-jail felonies in Section 22(c) meshes perfectly with this two-track scheme. Section 22(c) made no reference to state-jail felonies because it was not intended in the regular-probation context to have any application to state-jail felonies. Given that Section 22(c) manifestly does not apply to state-jail felonies in the regular-probation context, we should be hesitant about applying it to such cases in the deferred-adjudication context. Had the legislature intended to permit judges to extend the period of deferred-adjudication probation in state-jail felonies, it could have clearly indicated that intent by including a reference in Section 5 (the deferred-adjudication statute) to the state-jail felony provision governing such extensions, Section 15(b). The logical conclusion to be drawn from that legislative choice is that the legislature did *not* intend to permit extensions of deferred adjudication in state-jail felonies.

Given the above considerations, we should not parse the sentence in Section 22(c) to create a limitation upon the time period for extensions that is separate from the authorization for extensions. Rather, that single sentence sets forth both the authorization for and the time limitations upon extensions for the grades of offenses to which that sentence refers (all grades of offenses *but* the state-jail felony). This construction reads the operation of Section 22(c) in the deferred-adjudication context in harmony with how it operates in the regular-probation context, and this

___

[16] S.B. 1067, § 4.01, lines 339-6 to 339-9 (Art. 42.12, § 3(b)) and 342-5 to 342-8 (Art. 42.12, § 4(b) (referring to § 3(b))).

construction avoids creating a hole in Section 22(c) or rendering portions of that provision superfluous. Given the requirement to read statutes in context and give meaning to each word, phrase, and sentence, I conclude that the literal text of Article 42.12 requires a holding that Section 22(c) does not apply to deferred adjudication for a state-jail felony and that trial courts have no authority to extend the period of deferred-adjudication supervision in state-jail felonies.

Even if Section 22(c) were ambiguous, the Court's discussion of extratextual factors is not persuasive. The Court first argues, "It is hard to imagine any conceivable legislative policy to be served by providing for the extension of the period of deferred community supervision for all *other* grades of felony, *and* for misdemeanors, but *not* for state-jail felonies." The answer to the Court's incredulity is that, from the start, the legislature chose to treat state-jail felonies differently from all other grades of offenses. When the state-jail felony was first created in 1993, the legislature mandated that all state-jail felony convictions would initially result in the suspension of the sentence and the placement of the offender on probation.[17] No other class of offense, felony or misdemeanor, carried automatic probation. Moreover, the legislature made no exception to the automatic probation requirement for convictions that occurred upon adjudication of deferred-adjudication probation. Because an offender was guaranteed a second period of probation upon adjudication, the legislature might not have wanted to allow extensions of the initial period of deferred adjudication for state-jail felonies.

Moreover, subsection 15(b) provided, "A judge may extend a period of community supervision under this section at any time during the period of community supervision, or if a motion for revocation of community supervision is filed before the period of community supervision ends,

---

[17] *Id.*, lines 379-12 to 379-15 (Art. 42.12, § 15(a)). *See also State v. Mancuso*, 919 S.W.2d 86, 88-89 (Tex. Crim. App. 1996).

before the first anniversary of the expiration of the period of community supervision."[18] The very same subsection also provided, "The maximum period of community supervision a judge may impose under this section is five years."[19] Even if there is some ambiguity in Section 15(b) regarding whether the five-year maximum applies to the initial probation period or to an extension of the probation period, it is clear from the outset that Section 15 contained its own mechanism for extending the period of regular probation in state-jail felonies and that the legislature did not incorporate that mechanism into the deferred-adjudication statute.

The Court further says that the "haze" regarding the legislature's intent was lifted when the legislature added the "good cause" requirement to Section 22(c) in 2007. The Court relies heavily upon a passage from a House Research Organization Bill Analysis that seems to suggest that Section 22(c) allows judges to extend probation periods for state-jail felonies (as well as for other felonies and misdemeanors). The passage in question is part of the "background" section of the bill analysis,[20] and it does not appear in either the House Committee Report[21] or the Senate Research Center's Bill Analysis.[22] I cannot agree that this isolated, background passage in a House Research Organization report for a 2007 bill constitutes an acknowledgment by the legislature of its intent in

---

[18] S.B. 1067, § 4.01, lines 379-21 to 379-26 (Art. 42.12, § 15(b)).

[19] *Id.*

[20] House Research Organization, Bill Analysis, H.B. 1678, 80th Leg., p. 2 (Apr. 24, 2007), http://www.hro.house.state.tx.us/pdf/ba80r/hb1678.pdf.

[21] House Corrections Committee, Committee Report Bill Analysis, C.S.H.B. 1678, 80th Leg., *passim* (Apr. 12, 2007), http://www.capitol.state.tx.us/tlodocs/80R/analysis/pdf/HB01678H.pdf.

[22] Senate Research Center, Bill Analysis, H.B. 1678, 80th Leg., *passim* (May 13, 2007), http://www.capitol.state.tx.us/tlodocs/80R/analysis/pdf/HB01678E.pdf.

enacting the 1993 amendments. Even if it were, "one session of the legislature does not have the power to declare the intent of a past session, and a legislative construction of an act of another legislature is uniformly held to be entitled to little weight."[23] And simply adding a "good cause" requirement cannot by itself cause Section 22(c) to suddenly apply to state-jail felonies.

I conclude that the trial judge had no authority to extend the period of the appellants' deferred-adjudication probation. I respectfully dissent.

Filed: June 20, 2012
Publish

---

[23] *Ex parte Schroeter*, 958 S.W.2d 811, 813 (Tex. Crim. App. 1997). *See also Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007) ("But in interpreting a prior law, we generally accord little weight to subsequent legislative enactments."); *Ex parte Ervin*, 991 S.W.2d 804, 816 (Tex. Crim. App. 1999) ("Although we have held that subsequent enactments by the Legislature may be some evidence of their intent in a prior version of the statute, we nevertheless give little weight to those subsequent enactments in interpreting the prior law.") (comparing *Schroeter* with *Brown v. State*, 943 S.W.2d 35, 40 (Tex. Crim. App. 1997)).