Cecil Don **VINEYARD**, Appellant

v.

**STATE** of Texas, Appellee.

No. 11–94–126–CR.

Court of Appeals of Texas,
Eastland.

Dec. 28, 1995.

Rehearing Overruled Feb. 1, 1996.

Lance Hall, Hall & Burnett, Sweetwater, for appellant.

Dana Cooley, District Attorney, Snyder, for appellee.

Before ARNOT, C.J., and DICKENSON, J., and McCLOUD, S.J.[1]

OPINION

McCLOUD, Senior Justice (Retired).

The jury found appellant guilty of possession of child pornography and assessed his punishment at confinement for 10 years and a fine of $10,000. The sentence provided that the confinement would not begin to run until appellant had served a 10–year sentence he had received in Cause No. 6511 from the 132nd District Court of Scurry County. Appellant appeals. We reverse the conviction and order the dismissal of the indictment.

On April 20, 1993, law enforcement officers searched appellant's house, pursuant to a search warrant, and found videotapes, photo albums, and other sexually oriented materials in a closet. Appellant was indicted in Cause No. 6511 for possessing:

---

**1.** Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

[M]aterial containing a film image, to-wit: a videotape, which visually depicted, and which the defendant knew visually depicted, a child who was younger than 17 years of age at the time the film image of the child was made, engaging in sexual conduct, to-wit: actual sexual intercourse.

Appellant was indicted in the present cause for possessing:

[M]aterial containing a film image, to-wit: a photograph containing writing on the back which begins with the words, "She is 10" and ends with the words, "we arrive", which photograph visually depicted, and which the defendant knew visually depicted, a child who was younger than 17 years of age at the time the film image of the child was made, engaging in sexual conduct, to-wit: lewd exhibition of the genitals.

Both the "videotape" which was the basis for the indictment and conviction in Cause No. 6511[2] and the "photograph" which was the basis for the indictment and conviction in the present case were found by the officers in a closet during the April 20 search of appellant's home.

Appellant urges that his conviction for possessing the photograph violates the prohibitions against double jeopardy guaranteed by the U.S. CONST. amend. V and TEX. CONST. art. I, § 14. We agree.

The question is whether the State may prosecute appellant for possession of child pornography, a "photograph," after the State has convicted appellant of possession of child pornography, a "videotape," when both items were found during the same search, using the same search warrant and the same statute as the basis for prosecution.

Possession of child pornography is prohibited by TEX.PENAL CODE ANN. § 43.26 (Vernon 1994 & Supp.1996) which provides in part:

(a) A person commits an offense if:

(1) the person knowingly or intentionally possesses material containing a *film image* that visually depicts a child younger than 18 years of age[3] at the time the film image of the child was made who is engaging in sexual conduct; and

(2) the person knows that the material depicts the child as described by Subdivision (1).

(b) In this section:

(1) "Film image" includes a photograph, slide, negative, film, or videotape, or a reproduction of any of these. (Emphasis added)

■ Double jeopardy protection applies when the second prosecution involves the "same offense." *Ex parte Broxton,* 888 S.W.2d 23 (Tex.Cr.App.1994). The Court in *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), held:

The same-elements test, sometimes referred to as the "Blockburger"[4] test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.

The State cites *Watson v. State,* 900 S.W.2d 60 (Tex.Cr.App.1995), and argues that appellant was convicted of two separate offenses. The court in *Watson* held that the legislature intended to make possession of each individual substance "listed in Penalty Group 1" a separate and distinct offense. The concurring opinion pointed out that the court had consistently held that the "particular controlled substance or dangerous drug must be named in the indictment in order for it to state a complete offense." The particular substance or drug is an "element" of the offense. Therefore, the defendant could be prosecuted for the simultaneous possession of cocaine and heroin because the defendant violated more than one statutory offense.

---

2. Appellant's conviction in Cause No. 6511 was affirmed by this court in our Cause No. 11–94–012–CR on June 15, 1995. The Court of Criminal Appeals denied petition for discretionary review in *Vineyard v. State,* 913 S.W.2d 731 (Tex. App. (1995), *pet'n. ref'd,* No. 0844–95 (Tex.Cr. App., September 20, 1995) (not reported).

3. Section 43.26(a) was amended September 1, 1994, changing the age of the child from 17 years of age to 18 years of age.

4. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

See also *State v. Holguin*, 861 S.W.2d 919 (Tex.Cr.App.1993).

The State maintains that each possession of child pornography offense required proof of an "element" that the other offense did not. In the first conviction, the State contends that it was required to prove as an element of the offense that appellant possessed a "videotape." In the instant conviction, the State urges that it was required to prove a different "element" of the offense, that appellant possessed a "photograph."

One of the essential elements of Section 43.26 is that a person possess material containing a "film image." The essential element of the offense is a "film image," not a "videotape" or a "photograph." The words "videotape" and "photograph" contained in the indictments were descriptive allegations of the essential element, "film image." Therefore, the indictments and convictions were for the same offense. The addition of the descriptive allegations, videotape and photograph, did not transform the conduct of appellant into two separate and distinct offenses.

Furthermore, we think that it is clear that the legislature did not intend to make the possession of each "film image," photograph, slide, negative, film, or videotape, a separate and distinct offense. Paragraph (f) of Section 43.26 provides that, if a person possesses "six or more identical film images depicting a child," it will be presumed that the person possessed the film images with the intent to promote the material. The possession of six or more identical film images creates a presumption that the person in possession has committed one "offense" of promotion of child pornography. We think that Paragraph (f) demonstrates that the legislature did not intend to establish separate and distinct offenses for the possession of each film image. We find nothing in Section 43.26 indicating that the legislature intended that the simultaneous possession of more than one film image creates more than one "unit of prosecution." *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); *Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *Spradling v. State*, 773 S.W.2d 553 (Tex.Cr.App.1989).

We conclude that appellant committed one offense and that he was convicted for that offense in Cause No. 6511. The present conviction is reversed, and the indictment is ordered dismissed.

