**Cecil Don VINEYARD, Appellant,**

v.

**The STATE of Texas**

**No. 4446–96.**

Court of Criminal Appeals of Texas,
En Banc.

Jan. 7, 1998.

Lance Hall, Sweetwater, for appellant.

Dana W. Cooley, Dist. Atty., Snyder, Matthew Paul, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge, delivered the opinion of the Court in which MANSFIELD, KELLER, HOLLAND and WOMACK, Judges, joined.

A jury convicted appellant of possession of child pornography for possessing a *videotape* containing a "film image" visually depicting a child engaging in sexual conduct. Appellant was later convicted in a successive prosecution of possession of child pornography for possessing a *photograph* with a "film image" visually depicting a child engaging in sexual conduct. Appellant was sentenced to 10 years' confinement and assessed a $10,000

fine for this conviction. The trial court's judgment provided that the confinement for this second conviction would not begin to run until appellant had served his sentence for the first conviction. Both prosecutions arose out of the same transaction. According to the opinion of the Court of Appeals:

"On April 20, 1993, law enforcement officers searched appellant's house, pursuant to a search warrant, and found videotapes, photo albums, and other sexually oriented materials in a closet." *Vineyard v. State*, 913 S.W.2d 731 (Tex.App.—Eastland 1995).

On direct appeal, appellant claimed the second prosecution violated the double jeopardy clauses of the United States and Texas Constitutions.[1] The Court of Appeals agreed, reversed appellant's second conviction and ordered the indictment in that case dismissed. *Vineyard*, 913 S.W.2d at 731. In deciding that appellant's second conviction violated double jeopardy principles, the Court of Appeals relied on the *Blockburger*,[2] or the "same elements," test. *Vineyard*, 913 S.W.2d at 732–33. Applying this test, the Court of Appeals determined that an essential element in each prosecution was a "film image," and that the "videotape" in the first prosecution and the "photograph" in the second prosecution were merely descriptive allegations of that essential element. *Id.* The Court of Appeals also decided the Legislature did not intend "that the simultaneous possession of more than one film image creates more than one 'unit of prosecution.'" *Id.*

We granted the State Prosecuting Attorney's petition for discretionary review to determine "whether separate convictions for possession of a videotape and possession of a photograph, pursuant to V.T.C.A., Penal Code, Section 43.26,[3] resulting from a single incident of possession violate appellant's protection against double jeopardy." We also granted the District Attorney's petition for discretionary review that raises essentially the same grounds for review as are raised in the State Prosecuting Attorney's petition.[4] We will reverse the judgment of the Court of Appeals.

Initially, we note the Court of Appeals misapplied the *Blockburger* test by focusing solely on the statutory element of "film image." The law is that where, as here, the same act or transaction violates one statutory provision more than once a subsequent prosecution is not barred by double jeopardy principles if each offense "requires proof of a fact that the other does not." *Iglehart v. State*, 837 S.W.2d 122, 127–28 (Tex.Cr.App.1992) (the *Blockburger* test focuses on the proof necessary to establish the statutory elements of each offense); see also *Watson v. State*, 900 S.W.2d 60, 61 (Tex.Cr.App.1995). Here, the first prosecution required proof that appellant possessed a "videotape" which was not required in the second prosecution. The second prosecution required proof that appellant possessed a "photograph" which was not required in the first prosecution. Therefore, the second prosecution does not violate *Blockburger*.[5] See *Wat-*

---

1. Our decision here resolves appellant's claims under both constitutions. See *Bauder v. State*, 921 S.W.2d 696, 703–09 (Tex.Cr.App.1996) (McCormick, P.J., dissenting); *Ex parte Rathmell*, 717 S.W.2d 33, 52 (Tex.Cr.App.1986) (Clinton, J., dissenting). And, we have not been asked to decide whether "the Texas Constitution applies in exactly the same way as the United States Constitution" in cases like this. See *Bauder*, 921 S.W.2d at 697 (Meyers, J.).

2. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

3. V.T.C.A., Penal Code, Section 43.26(a), in relevant part, provides that a person commits the offense of possession of child pornography if that person knowingly or intentionally "possesses material containing a film image" that visually depicts a child engaging in sexual conduct.

4. The disposition of the State Prosecuting Attorney's petition also disposes of the District Attorney's petition. We therefore dismiss the District Attorney's petition.

5. We also note this Court has stated the *Blockburger* test is not "precisely applicable" to cases like this where a defendant's conduct violates one statutory provision more than once. See *Rathmell*, 717 S.W.2d at 35 (the *Blockburger* rationale applies to situations in which the criminal conduct violates two separate distinct statutory provisions); *Iglehart*, 837 S.W.2d at 130 (Clinton, J., dissenting) (the *Blockburger* test determines when jeopardy will and will not permit multiple prosecutions where two distinct statutes are violated by the same conduct); see also *Watson*, 900 S.W.2d at 64 (Clinton, J., concurring) (concluding that *Blockburger* was the appropriate

*son,* 900 S.W.2d at 61; *Iglehart,* 837 S.W.2d at 127–28.

The next issue we address is whether, as a matter of statutory interpretation of our state law, appellant's simultaneous possession of both the videotape and the photograph constitutes more than one offense.[6] See *Watson,* 900 S.W.2d at 61–62; *Iglehart,* 837 S.W.2d at 127; *Rathmell,* 717 S.W.2d at 35; see also *Iglehart,* 837 S.W.2d at 130 (Clinton, J., dissenting) (whether conduct constitutes one or more violations of a statute under current jeopardy analysis depends upon how the Legislature has defined the offense); *Rathmell,* 717 S.W.2d at 52–55 (Clinton, J., dissenting). This is entirely a question of legislative intent which requires us to decide whether our Legislature intended in cases like this for the simultaneous possession of each item of child pornography to constitute a separate violation or an "allowable unit of prosecution." See *Sanabria v. United States,* 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978); *Watson,* 900 S.W.2d at 61; *Iglehart,* 837 S.W.2d at 127; *Rathmell,* 717 S.W.2d at 35; see also *Watson,* 900 S.W.2d at 64 (Clinton, J., concurring) (the issue boils down to one of "allowable units of prosecution"); *Iglehart,* 837 S.W.2d at 130 (Clinton, J., dissenting). Our resolution of this question is determinative of the federal constitutional double jeopardy question. See *Iglehart,* 837 S.W.2d at 127 (few, if any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses); *York v. State,* 848 S.W.2d 341, 342 (Tex.App.—Texarkana 1993, pet. ref'd) (our state legislature is free to carve out as many offenses as it chooses from one transaction so long as each offense requires proof of a fact which the other does not).

This Court's holdings in *Rathmell* and *Iglehart* inform our decision here. In *Rathmell,* we construed the applicable statute which proscribed causing the death of "an individual" to allow separate prosecutions for causing the death of more than one individual in a single transaction. See *Rathmell,* 717 S.W.2d at 34–36. Similarly, in *Iglehart,* we construed the applicable statute which proscribed appropriating property without the effective consent of "the owner" to allow separate prosecutions for appropriating various items of property from more than one owner in a single transaction. See *Iglehart,* 837 S.W.2d at 126–27.

Part of the rationale for this Court's decisions in *Rathmell* and *Iglehart* was the Legislature's use in the applicable statutes of the singular "individual" and "owner." See *Iglehart,* 837 S.W.2d at 131 (Clinton, J., dissenting). Similarly, the Legislature has used the singular term "film image" in the statute applicable to this case. See Section 43.26(a). Dissenting in *Iglehart,* Judge Clinton claimed that use "of the singular rather than the plural form" has no bearing "on the question of how many units of prosecution the Legislature meant to allow." See *Iglehart,* 837 S.W.2d at 131 (Clinton, J., dissenting). However, this Court necessarily rejected Judge Clinton's position in both *Rathmell* and *Iglehart.*

In *Iglehart,* Judge Clinton also claimed that the applicable statute was "at best" am-

test in that case because "simultaneous possession of cocaine and heroin amounts to violation of more than one statutory offense"). However, in this case, we have found it necessary to address the Court of Appeals' application of *Blockburger* because of the way in which the Court of Appeals defined the essential element of "film image" in both prosecutions.

6. This actually is the main inquiry the appellate courts should make in cases like this. See *Iglehart,* 837 S.W.2d at 127:

"The first step in our double jeopardy analysis requires us to decide, as a matter of statutory interpretation, whether appellant's conduct constituted more than one offense. This preliminary determination is necessary because, although this Court is bound by decisions from the United States Supreme Court in interpreting the scope of the double jeopardy clause of the United States Constitution, the determination of what constitutes an 'offense' is largely a matter of state law: 'The Legislature has the power to establish and define crimes [and "[f]ew, if any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses." '] (Citations Omitted). If we determine as a matter of statutory construction that appellant's conduct comprises but a single offense, our inquiry is ended, as a successive prosecution for the same offense after appellant's earlier conviction would be a prima facie violation of the double jeopardy clause. (Citation Omitted)."

biguous on whether the Legislature intended multiple prosecutions and that because of this ambiguity, this Court should have applied the "rule of lenity" and presumed the Legislature did not intend to permit multiple prosecutions for multiple violations of the statute in a single transaction. See *Iglehart*, 837 S.W.2d at 133–34 (Clinton, J., dissenting). This Court also necessarily rejected this position in *Iglehart* and *Rathmell*.[7]

■ Therefore, consistent with the approach this Court took in *Iglehart* and *Rathmell*, we hold the Legislature intended in cases like this to make possession of each item of child pornography an "allowable unit of prosecution." As further support for our decision in this case, we note the Legislature has met several times since this Court decided *Iglehart* and *Rathmell* without changing those decisions which is some indication of legislative approval of the approach this Court took in those cases. See, e.g., *Marin v. State*, 891 S.W.2d 267, 271–72 (Tex.Cr.App. 1994); *State v. Daugherty*, 931 S.W.2d 268, 273–74 (Tex.Cr.App.1996) (Baird, J., concurring). We see no reason to depart in this

case from the approach this Court took in *Iglehart* and *Rathmell*.

We also find unpersuasive the Court of Appeals' reliance on V.T.C.A., Penal Code, Section 43.26(f), as evidence of the Legislature's intent not to establish separate and distinct offenses in cases like this. Section 43.26(f) provides that in a prosecution for promotion of child pornography or possession with the intent to promote child pornography,[8] a person possessing "six or more *identical* film images depicting a child . . . is presumed to possess the film image with the intent to promote the material." (emphasis added).

The Court of Appeals stated that Section 43.26(f) "demonstrates that the legislature did not intend to establish separate and distinct offenses for the possession of each film image" under Section 43.26(a). We disagree. Section 43.26(f) merely creates a presumption that a person who possesses "six or more identical film images" possesses those film images with the intent to promote them under Section 43.26(e).[9]

---

**7.** We further note the legislative history of Section 43.26 supports, or at least is not inconsistent with, our construction of it in this case. In cases like this, as in *Rathmell* and *Iglehart*, there are multiple victims; therefore, a separate prosecution for each victim should be permissible. This multiple victim rationale finds support in the bill analysis by the Criminal Jurisprudence Committee of the House study group that studied adopting what is now Section 43.26. See Bill Analysis, Criminal Jurisprudence Committee, House Study Group (on a bill to prohibit the possession of child pornography) of HB 626, at pg.25, April 23, 1985. The vote to adopt HB 626 was 5–0 with one member not voting and 3 members abstaining. See *id.* at pg.24.

The Criminal Jurisprudence Committee which voted to adopt HB 626 apparently was not persuaded by the opponents of the bill who claimed possession of child pornography was protected by the United States Constitution. This committee apparently was persuaded by the supporters of the bill who claimed:

"Child pornography is the worst type of pornography because it exploits defenseless and vulnerable members of society at a stage of life when they are profoundly impressionable. Even though it is a crime to produce, direct, or distribute child pornography, there is no law prohibiting its possession. It is traumatic enough for children to be photographed, but it is even more traumatic for the child to know

that at any given moment the photographs are being distributed for others to see. This bill would effectively curtail the circulation of such material, since people could be prosecuted and sent to prison for possessing it. By thus inhibiting the demand for child pornography, the bill would drastically reduce its production and promotion.

"The U.S. Supreme Court has already held in *New York v. Ferber*, 458 U.S. 747 [102 S.Ct. 3348, 73 L.Ed.2d 1113] (1982), that laws prohibiting the promotion and distribution of child pornography are constitutional. It held that states have a compelling interest in protecting the physical and psychological well-being of minors. *The court noted that child pornography is a permanent record of the child's participation and that the harm to the child is compounded by circulation of the materials.* The Supreme Court would similarly uphold the constitutionality of this bill if it were (sic) ever challenged." (Emphasis Supplied).

**8.** V.T.C.A., Penal Code, Section 43.26(e), defines the offenses of promoting or possessing with the intent to promote child pornography.

**9.** We express no opinion on whether possession of six "identical film images" constitutes separate violations of Section 43.26(a) as that question is not presented in this case.

With respect to the statutory construction issue, appellant relies on various federal authorities which construed various congressional enactments. See *Sanabria,* 437 U.S. at 68–69, 98 S.Ct. at 2181–82; *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *United States v. Tellez,* 11 F.3d 530 (5th Cir.1993), cert. denied, 511 U.S. 1060, 114 S.Ct. 1630, 128 L.Ed.2d 354 (1994); *United States v. Berry,* 977 F.2d 915 (5th Cir.1992); *United States v. Osunegbu,* 822 F.2d 472 (5th Cir.1987). We are not required to follow these federal authorities in determining, as a matter of state law, the legislative intent of our statutes. Therefore, we decline to follow these federal authorities to the extent they are inconsistent with our holding in this case.

We also note our holding in this case is not necessarily inconsistent with *Sanabria* as the offense in that case was defined by Congress as participation in a *single* "illegal gambling business" as opposed to being defined as possession of illegal gambling devices, and the government's "undisputed theory of the case was that there was a single gambling business which engaged in both horse betting and numbers betting." See *Sanabria,* 437 U.S. at 68–69, 98 S.Ct. at 2181–82; see also *Osunegbu,* 822 F.2d at 480–81 (in a prosecution for two counts of conspiracy to steal mail from the United States Postal Service, government effectively conceded that only one offense occurred because "two packages were stolen at the same time").

Our holding in this case also is not necessarily inconsistent with *Tellez,* which holds that simultaneous possession of two firearms is only one offense under the applicable federal statute making it an offense for a felon to be in possession of a firearm, and *Berry,* which holds similarly as to simultaneous possession of ammunition under the same federal statute. See *Tellez,* 11 F.3d at 533–34; *Berry,* 977 F.2d at 919. These two cases merely applied some language from the Unit-

ed States Supreme Court's decision in *Barrett v. United States* which says the federal statute at issue in those cases was "based on the status of the offender and not the number of guns possessed." *Berry,* 977 F.2d at 919; see *Barrett v. United States,* 423 U.S. 212, 218–19, 96 S.Ct. 498, 502, 46 L.Ed.2d 450 (1976) (in enacting the Gun Control Act of 1968, Congress did not intend merely to restrict interstate sales).

The majority opinion in *Bell* echoes the approach advocated in Judge Clinton's dissenting opinion in *Iglehart.* Judge Clinton's dissenting opinion in *Iglehart* even cites *Bell.* See *Iglehart,* 837 S.W.2d at 133–34 (Clinton, J., dissenting) (claiming *Bell* should be "persuasive authority"). A majority of this Court did not find *Bell* persuasive when this Court decided *Iglehart,* and we still do not find it persuasive.

Moreover, we are inclined to agree with the dissenters in *Bell* that Congress clearly intended for the simultaneous transport of each woman or girl across state lines for "immoral purposes" to be a separate offense. See *Bell,* 349 U.S. at 82–84, 75 S.Ct. at 622–23 (Minton, J., dissenting).[10] Like the purpose of the federal statute at issue in *Bell,* the purpose of Section 43.26(a) is the protection of the individual child from exploitation. See *Bell,* 349 U.S. at 82–84, 75 S.Ct. at 622–23 (Minton, J., dissenting) (Congress had as its purpose the protection of the individual woman or girl from exploitation).

Finally, appellant relies on this Court's decision in *Ex parte Crosby,* 703 S.W.2d 683 (Tex.Cr.App.1986). In *Crosby,* this Court held that only one aggravated robbery occurs when the aggravating element that elevates the offense from robbery to aggravated robbery is that the defendant causes serious bodily injury to more than one person during the same transaction. See *Crosby,* 703 S.W.2d at 684–85. We find *Crosby* distinguishable on its facts, and we also note the

---

10. In *Bell,* the dissenters claimed:

"To me the statute means that to transport one or more women or girls in commerce constitutes a separate offense as to each one. Congress had as its purpose the protection of the individual woman or girl from exploitation, and the transportation of each female was to be punished. It

was not concerned with protection of the means of transportation. Surely it did not intend to make it easier if one transported females by the bus load. A construction of the statute that reaches that result does violence to its plain wording." *Bell,* 349 U.S. at 82–84, 75 S.Ct. at 622–23 (Minton, J., dissenting).

basis of this Court's decision in *Crosby* was that the Legislature intended for "theft" to be the "integral part of the offense of aggravated robbery" and that only "one theft of one person" occurred in that case. See *Crosby*, 703 S.W.2d at 685. The "integral part of the offense of possession of child pornography" is the harm to each individual child. Therefore, we decline to apply *Crosby* to this case, and we decide to follow the approach taken by this Court's more recent decisions in *Rathmell* and *Iglehart*.

We reverse the judgment of the Court of Appeals and remand the cause there to address appellant's remaining points of error.

MEYERS, J., filed an opinion concurring in the judgment which BAIRD and PRICE, JJ., joined.

OVERSTREET, J., dissented without opinion.

MEYERS, Judge, concurring.

This case is foremost a case of legislative intent. The Court of Appeals and the majority confuse the issue presented by applying *Blockburger* before determining whether the Legislature intended that there be two offenses here. Only if there are two offenses, does it matter that they are "the same" for double jeopardy purposes under *Blockburger*.

The seminal question is whether appellant can be prosecuted more than once under the same statutory provision (section 43.26), for possession of two different things during the same transaction. In a case involving multiple prosecutions under the same statutory provision based upon theft of separate items of property belonging to different owners, the Court explained that the legislature's intent to proscribe separate offenses was the preliminary question:

The first step in our double jeopardy analysis requires us to decide, as a matter of statutory interpretation, whether appellant's conduct constituted more than one offense. This preliminary determination is necessary because, although this Court is bound by decisions from the United States

Supreme Court in interpreting the scope of the double jeopardy clause of the United States Constitution, the determination of what constitutes an "offense" is largely a matter of state law: "The Legislature has the power to establish and define crimes [and 'f]ew, if any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses.' " *Spradling v. State*, 773 S.W.2d 553 (Tex. Cr.App.1989), citing *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). *If we determine as a matter of statutory construction that appellant's conduct comprises but a single offense, our inquiry is ended, as a successive prosecution for the same offense after appellant's earlier conviction would be a prima facie violation of the double jeopardy clause.*

*Iglehart v. State*, 837 S.W.2d 122, 127 (Tex.Crim.App.1992)(emphasis added); *see also id.* at 130 (Clinton, J., dissenting)(test announced in *Blockburger* is inapposite because that determines when jeopardy will and will not permit multiple prosecutions where two distinct statutes are violated by same conduct; here, the issue is whether double jeopardy is violated when accused is prosecuted more than once under same statutory provision—root question is what Legislature intended as to units of prosecutions).[1] The State Prosecuting Attorney states the posture of this case exactly right:

This case presents two distinct, but related, issues. First, what is the "allowable unit of prosecution"—i.e., *the offense,* prescribed by V.T.C.A., Penal Code § 43.26, relating to Possession of Child Pornography? Second, does a conviction for possession of a videotape in violation of Sec. 43.26, supra, constitute a double jeopardy bar to a succeeding prosecution for possession of a photograph, also in violation of Sec. 43.26, supra? *The relevancy of the second issue depends upon the disposition of the first issue.*

(Emphasis added).

And so the question is whether the Legislature intended that section 43.26 be divisible

---

**1.** While the majority says the "main inquiry" is the question of "statutory interpretation" it nonetheless muddles exactly *what* the inquiry is by conducting a *Blockburger* analysis before deciding whether the Legislature intended that there be two offenses.

into separate units of prosecution depending upon types of film images possessed. We first look to see if the Legislature's intent can be derived from the plain language of the provision.[2] Penal Code section 43.26, as applicable to this case, provided in its entirety as follows: [3]

(a) A person commits an offense if:

(1) the person knowingly or intentionally possesses material containing a film image that visually depicts a child younger than 18 years of age at the time the film image of the child was made who is engaging in sexual conduct; and

(2) the person knows that the material depicts the child as described in Subdivision (1).

(b) In this section:

(1) "Film image" includes a photograph, slide, negative, film, or videotape, or a reproduction of any of these.

(2) "Sexual conduct" has the meaning assigned by Section 43.25.

(3) "Promote" has the meaning assigned by Section 43.25.

(c) The affirmative defenses provided by Section 43.25(f) also apply to a prosecution under this section.

(d) An offense under Subsection (a) is a felony of the third degree.

(e) A person commits an offense if:

(1) the person knowingly or intentionally promotes or possesses with intent to promote material described by Subsection (a)(1); and

(2) the person knows that the material depicts the child as described by Subsection (a)(1).

(f) A person who possesses six or more identical film images depicting a child as described by Subsection (a)(1) is presumed to possess the film images with the intent to promote the material.

(g) An offense under Subsection (e) is a felony of the third degree.

The defendant must possess "material containing a film image." The term "material" suggests a number of items or multiple things. The section further provides that the material must include "a film image." Therefore, while multiple things may be possessed (material), those items need only include one film image for an offense. But I am not convinced that this necessarily means that inclusion of more than one film image means the commission of more than one offense. Legislative intent is more apparent from subsection (c).

Under subsection (c), the following affirmative defenses are available:

(1) the defendant, in good faith, reasonably believed that the child who engaged in the sexual conduct was 18 years of age or older;

(2) the defendant was the spouse of the child at the time of the offense;

(3) the conduct was for a bona fide educational, medical, psychological, psychiatric, judicial, law enforcement, or legislative purpose; or

(4) the defendant is not more than two years older than the child.

The focus of the affirmative defenses is on the particular child depicted, thus requiring that each film image be considered individually rather than collectively. For instance, if a defendant possessed two film images of two different children, he might have an affirmative defense as to his possession of one but not the other, depending upon the status of the particular child. Each film image must considered independently in determining the applicability of an affirmative defense. The Legislature would not have structured the provision such that the film images are to be considered individually for purposes of determining the applicability of a given affirmative defense, but collectively for purposes of determining the "units of prosecution." It follows that a defendant may commit more than one offense when he possesses more than one film image, whether the multiple film images

---

**2.** The majority looks to legislative history for further support of its position. Consideration of legislative history is inappropriate when legislative intent is apparent from the face of the statute, as here.

**3.** Section 43.26 has since been amended.

are the same or different types.[4] Nothing in this case suggests that the two images possessed are of the same children. Having possessed two separate film images, appellant committed two separate offenses.

The next question is whether these two offenses are "the same" under *Blockburger*. In this successive prosecutions case, we look to the elements in the charging instrument rather than the penal code provision. *State v. Perez*, 947 S.W.2d 268, 272 (Tex.Crim.App. 1997). Each indictment requires proof of a matter that the other does not. One alleges possession of a videotape, the other possession of a photograph. Appellant was not charged with the "same offense" in the two cases; his second prosecution is not barred by double jeopardy. The Court of Appeals erred in concluding otherwise.

The judgment of the Court of Appeals should be reversed. I concur in the judgment of the Court.

BAIRD and PRICE, JJ., join.

---

4. A further question might be whether multiple offenses are presented when the defendant possesses more than one film image but all images are of the same child.