IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 01-11222
Summary Calendar

———————————

CECIL DON VINEYARD,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CV-173
--------------------
November 7, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

We granted a certificate of appealability to Cecil Don

Vineyard, Texas prisoner no. 931998, on the issue whether

Vineyard's reliance on his attorney's alleged representations as

to the status of his case is sufficient to warrant equitable

tolling. Vineyard was twice convicted of possession of child

pornography arising out of a single transaction; the habeas

application now at issue pertains to the second conviction,

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

identified in the record as "#6614."  The state appellate court overturned the conviction on double jeopardy grounds because Vineyard had already been convicted in the prior case based on materials seized during the same search as in the present case. Vineyard v. State, 913 S.W.2d 731 (Tex. App. 1995), rev'd, 958 S.W.2d 834, 836 (Tex. Crim. App. 1998) (en banc).  The Texas Court of Criminal Appeals reinstated the conviction, holding that the subsequent prosecution was not double jeopardy.  Vineyard v. State, 958 S.W.2d 834, 836-40 (Tex. Crim. App. 1998) (en banc). On remand, the Texas court of appeals rejected Vineyard's remaining appellate arguments and affirmed the conviction in an unpublished opinion.  The Court of Criminal Appeals refused Vineyard's petition for discretionary review ("PDR") on December 9, 1998.  In June 4 2000, about 18 months after the PDR was denied, and well after the expiration of the one-year limitation period, Vineyard was arrested and returned to prison after having been paroled on the earlier conviction and freed on an appeal bond with respect to the conviction now at issue.

Vineyard contends that his 28 U.S.C. § 2254 petition should not have been dismissed as untimely because his retained counsel, Lance Hall, deliberately or negligently failed to inform him that the Court of Criminal Appeals had denied Vineyard's PDR, thus misleading Vineyard as to the starting time of the limitations period of 28 U.S.C. § 2244.  Vineyard also contends that Hall misled him to believe that Hall was preparing a 28 U.S.C. § 2254

petition. See 28 U.S.C. § 2244(d)(1)(A) (providing one-year limitation period). In dismissing Vineyard's pro se habeas application as time-barred, the district court concluded without explanation that no conditions existed for equitable tolling.

An attorney's misrepresentations may be grounds for equitable tolling. See United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002). In Wynn, we remanded the case because the district court did not conduct a hearing or make factual findings, and the question was "sufficiently close to warrant remand for factual findings as to the factual basis for Wynn's allegations and the reasonableness of Wynn's reliance o[n] his attorney's representations and advice." Id. at 230.

Vineyard has asserted under penalty of perjury that on specific dates during the limitation period he was deliberately or negligently misinformed by Hall that his PDR was still pending in the Court of Criminal Appeals. Vineyard also presented affidavit and documentary evidence that Hall continued to mislead Vineyard and his sister into believing that Hall was going to file a federal habeas petition, thus further delaying Vineyard's pro se filing. Vineyard contends that he was not aware of the PDR's denial until he was arrested and returned to prison after the limitation period had expired. He contends that he did not know the actual date of the PDR's denial until the respondent sought dismissal of the present habeas application in the district court. This misinformation or lack of information

allegedly caused Vineyard to miscalculate the beginning of the limitation period as having begun when he was arrested instead of a year and a half earlier.  He filed his federal habeas application within a year of his arrest and shortly before he believed the limitations period was to expire.

Vineyard has made a colorable claim that he is entitled to equitable tolling under Wynn.  Because the district court in Vineyard's case, like the court in Wynn, conducted no hearing and made no factual findings, and because the record before this court indicates that the issue is a close one, should Vineyard substantiate his allegations, we VACATE the district court's dismissal and REMAND the case for further findings of fact relevant to Hall's alleged misrepresentations and the reasonableness of Vineyard's reliance upon them with regard to equitable tolling of the one-year limitation period.

Vineyard has filed a motion that we construe as a motion to supplement the record on appeal.  The respondent has filed a motion to strike some of Vineyard's exhibits on grounds that they are outside the record on appeal.  In light of our remand for further fact-finding by the district court, we DENY both motions while noting that we did not consider the challenged exhibits in reaching our decision.

JUDGMENT VACATED; CASE REMANDED; ALL MOTIONS DENIED