IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1087-03






EX PARTE ROBBIE GOODMAN, Appellant






FROM THE TWELFTH COURT OF APPEALS


CHEROKEE COUNTY






 Holcomb, J., delivered the opinion of the Court, in which Meyers, Price, Womack,
Johnson, Keasler, Hervey, and Cochran, JJ., joined. Keller, P.J., filed a
concurring opinion. 


 

OPINION




 The question in this case is whether the Double Jeopardy Clause of the Fifth Amendment to the
United States Constitution prohibits the State from proceeding with its prosecution of appellant for
aggregated theft. We hold that the State may proceed with its prosecution, with one restriction.

 We begin with a review of the relevant facts. On August 27, 2001, a Cherokee County grand jury
presented an indictment that charged appellant with theft under Texas Penal Code § 31.03. The indictment
alleged, in relevant part, that appellant,

 on or about the 1st day of July, 1999 and before the presentment of this indictment, in the
County and State aforesaid, did then and there intentionally appropriate, by acquiring and
otherwise exercising control over, property, to-wit: United States Currency of the value
of at least $200,000 from the owner, PATRICK RAY MCCOWN, without the effective
consent of the owner, and with the intent to deprive the owner of the property.


 On January 22, 2002, the State brought appellant to trial under the indictment. In its opening
statement to the jury, the State explained that it intended to prove that on numerous occasions between
May 1999 and October 2000, appellant, a delivery truck driver for a lumber company, had intentionally
overcharged Patrick McCown for lumber that appellant had delivered to him. The State explained further
that the overcharges in question had totaled more than $200,000. (1)

 The State's first - and, as it turned out, only - witness, Randy Hatch, an investigator for the
Cherokee County District Attorney's Office, testified that in early October 2000, appellant had given him
a written statement concerning appellant's deliveries of lumber to McCown. During the course of Hatch's
testimony, the State offered appellant's written statement into evidence, but appellant objected to the
admission of the written statement on the ground it "contain[ed] extraneous offenses." (2) Appellant explained
to the trial court that under the holding in Turner v. State, 636 S.W.2d 189 (Tex.Crim.App. 1982) (op.
on reh'g), the indictment against him charged "but one crime on one date" and that, therefore, evidence of
other crimes on other dates was inadmissible. The trial court overruled appellant's objection and admitted
his written statement into evidence. A lengthy bench conference then ensued, after which the State moved
to dismiss the indictment. The trial court, over appellant's objection, granted the State's motion.

 On January 28, 2002, a second Cherokee County grand jury presented an indictment that charged
appellant with aggregated theft under Texas Penal Code § 31.09. (3) This second indictment alleged, in
relevant part, that appellant,

 on or about the 1st day of May, 1999 through October 4, 2000 and before the
presentment of this indictment, in the County and State aforesaid, did then and there
pursuant to one scheme or continuing course of conduct that began on or about May 1,
1999 and continued until on or about October 4, 2000 unlawfully appropriate by acquiring
or otherwise exercising control over property, to-wit: United States Currency from Pat
McCown, the owner thereof, with intent to deprive the owner of the property, and the
aggregate value of the property obtained was $200,000 or more.


 On March 19, 2002, appellant filed a petition for habeas corpus relief in the trial court, asking the
trial court to dismiss the second indictment on the ground that the Double Jeopardy Clause of the Fifth
Amendment, among other things, barred the State from prosecuting him for the aggregated theft offense
alleged in the second indictment. On April 26, 2002, the trial court held an evidentiary hearing on
appellant's petition. At that hearing, the State essentially conceded that it intended to present, at the second
trial, the same evidence it had originally intended to present at the first trial. (4) Seizing upon the State's
concession, appellant argued his double jeopardy claim as follows:

 Your Honor, double jeopardy is not just a single issue of trying someone twice for the
same crime. Double jeopardy is if the underlying facts are the same. If it's the same crime,
same dates, same time, same money, it's an issue. If it is, it's double jeopardy; if it's not,
it's not. In this issue, Your Honor, my point is that the facts that the first case was tried
and relied upon are the exact facts that the second case is being tried on.


 On May 23, 2002, the trial court issued an order denying appellant any relief. Appellant appealed
from the trial court's order, but on May 30, 2003, the Twelfth Court of Appeals affirmed the trial court's
order in an unpublished opinion. Ex parte Robbie Goodman, No. 12-02-00160-CR (Tex.App.-Tyler
2003). (5) On September 23, 2003, we granted appellant's petition for discretionary review to determine
whether his Double Jeopardy Clause claim has any merit. See Tex. R. App. Proc. 66.3(b).

 The Double Jeopardy Clause provides that "[n]o person shall . . . be subject for the same offence
to be twice put in jeopardy of life or limb." This guarantee was made applicable to the states by the Due
Process Clause of the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 796 (1969). 

 One of the concerns underlying the Double Jeopardy Clause is that if the State may repeatedly
reprosecute an individual for an offense, then it will have the power to harass our citizens as well as gain
an unfair advantage from what it learns in the earlier prosecutions about the strengths of the defense case
and the weaknesses of its own. See W. LaFave, et al., Criminal Procedure § 25.1(b) at 632 (2nd ed.
1999). "Consequently, as a general rule, the prosecutor is entitled to one, and only one, opportunity to
require an accused to stand trial." Arizona v. Washington, 434 U.S. 497, 505 (1978). 

 In line with this understanding of the Double Jeopardy Clause, we have held that if, as in the instant
case, the trial court dismisses an indictment on the State's motion after jeopardy attaches, (6) then the Double
Jeopardy Clause prohibits the State from reprosecuting the defendant for the offense for which he had been
placed in jeopardy of conviction. Proctor v. State, 841 S.W.2d 1, 5-6 (Tex.Crim.App. 1992). This
constitutional policy of finality protects the defendant from attempts to relitigate the facts underlying the
charge that was dismissed. See Brown v. Ohio, 432 U.S. 161, 165 (1977).

 The first indictment against appellant alleged theft of United States currency in the amount of
$200,000 or more on or about July 1, 1999. Under our precedent, "on or about" means before the
presentment of the indictment and within the statute of limitations period. Sledge v. State, 953 S.W.2d
253, 256 (Tex.Crim.App. 1997). The State's evidence at trial, in support of the first indictment, failed to
establish the commission of any theft. We held in Ex parte Goodbread, 967 S.W.2d 859, 861
(Tex.Crim.App. 1998), that "[w]hen an indictment permits the State to obtain only one conviction, a
defendant is not placed in jeopardy for more than one criminal act unless the State offers multiple instances
of conduct in support of the indictment." Consequently, under the first indictment, appellant was in
jeopardy of conviction for only one theft, committed before the presentment of the indictment and within
the statute of limitations period. 

 Because the trial court granted the State's motion to dismiss the first indictment, the Double
Jeopardy Clause prohibits the State from reprosecuting appellant for the one theft alleged in the first
indictment. Proctor v. State, 841 S.W.2d at 3-4. The Double Jeopardy Clause also prohibits the State
from prosecuting appellant for any lesser offense included within the theft alleged in the first indictment,
since, for the purposes of the Clause, a greater offense and a lesser included offense are "the same
offence." Brown v. Ohio, 432 U.S. at 168.

 The State, in its current prosecution of appellant for aggregated theft, may attempt to prove any
number of the aggregated theft's constituent thefts. However, consistent with the Double Jeopardy Clause,
the State may not attempt to relitigate the facts underlying the theft alleged in the first indictment in an effort
to prove that that offense or any of its lesser included offenses is one of the aggregated theft's constituent
thefts. In other words, the State, in proving aggregated theft, may not rely upon proof of the theft alleged
in the first indictment or any of its lesser included offenses. At appellant's trial for aggregated theft, the trial
court must ensure that the State does not rely upon such proof. If necessary, the trial court may require
the State to prove, by a preponderance of the evidence, that it is not relying upon such proof. If the State
is unable to so prove, then the trial court must select, from among the constituent thefts that the State does
prove, and strike from the jury's consideration, the one constituent theft that most closely resembles the
theft alleged in the first indictment. In that way, the trial court will ensure appellant's rights under the Double
Jeopardy Clause.

 We reverse the judgment of the court of appeals and remand the case to the trial court for further
proceedings consistent with this opinion.


DELIVERED OCTOBER 20, 2004

PUBLISH
1. Apparently, the State made the same mistake in this case that it had made in Turner v. State,
636 S.W.2d 189 (Tex.Crim.App. 1982). That is, the State thought it could add up all of appellant's
thefts and charge them as a single, bigger theft under Texas Penal Code § 31.03. What the State
should have done, of course, is add up all of appellant's thefts and charge them as a single aggregated
theft under Texas Penal Code § 31.09. See Kellar v. State, 108 S.W.2d 311, 313 (Tex.Crim.App.
2003); Turner v. State, 636 S.W.2d at 194-196; G. Dix & R. Dawson, Texas Criminal Practice
and Procedure § 20.194 (2nd ed. 2001).
2. Although appellant objected to the admission of his written statement on the ground it
"contain[ed] extraneous offenses," a careful examination of the written statement, either alone or in the
context of Hatch's testimony, reveals that the written statement did not establish the commission of any
theft. Hatch's testimony also did not establish the commission of any theft.
3. Texas Penal Code § 31.09 provides: "When amounts are obtained in violation of this chapter
pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the
conduct may be considered as one offense and the amounts aggregated in determining the grade of the
offense."
4. From the evidence adduced at the habeas hearing, it appears that the State intended to
present, at appellant's first trial, evidence of more than 300 separate incidents, stretching over an 18-month period of time, in which appellant overcharged the complainant for lumber.
5. The court of appeals relied upon Blockburger v. United States, 284 U.S. 299 (1932), in
holding that the State's prosecution of appellant for aggregated theft was not jeopardy-barred. In our
view, the court of appeals erred in two respects. First, the court of appeals failed to complete its
Blockburger analysis. The Blockburger test for determining "whether there are two offenses [for
double jeopardy purposes] or only one is whether each [statutory] provision requires proof of an
additional fact which the other does not." Id. at 304. The court of appeals looked only at whether
aggregated theft requires proof of an element that theft does not, and did not look at whether theft
requires proof of an element that aggregated theft does not. Second, the court of appeals failed to
realize that the Blockburger test does not even apply to a case like this. The Blockburger test applies
when one criminal act or transaction violates two distinct statutory provisions. Ibid. This case does not
present such a scenario. Thus, the Blockburger test is not "precisely applicable" to this case. See
Vineyard v. State, 958 S.W.2d 834, 836 n.5 (Tex.Crim.App. 1998).
6. In a jury trial, jeopardy attaches when the jury is empaneled and sworn. Crist v. Bretz, 437
U.S. 28, 38 (1978).