IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. PD-0570-04





JOHN VERNON HOBBS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


DAWSON COUNTY





 Hervey, J., delivered the opinion of the Court in which Keller, PJ.,
Meyers, Womack, Johnson, Keasler, Holcomb, JJ., joined. Cochran, J., filed a
dissenting opinion in which Price, J., joined.


O P I N I O N 



 In this case we decide that appellant committed one, continuous offense of evading arrest as
defined by Tex. Pen. Code, Section 38.04(a), which provides:

 A person commits an offense if he intentionally flees from a person he knows is a
peace officer attempting lawfully to arrest or detain him.


 The evidence shows that one evening at around 10:00 p.m., appellant fled in his vehicle from
a police officer when the officer attempted to stop him. (1) Appellant drove his vehicle into a field. 
The officer did not pursue appellant for fear of damaging his patrol car. The police set up a
perimeter and began searching for appellant. They later found appellant's abandoned vehicle in
another field. Police, with the help of a dog, searched for appellant until 2:30 a.m. at which time the
police suspended the search because the dog and the officers were tired and the field was too dark
to effectively search for appellant. The police resumed the search at 8:30 a.m. and eventually found
appellant hiding in a woodshed attached to a home eight miles from where appellant abandoned his
vehicle.

 A jury convicted appellant of felony evading arrest and burglary of a habitation with the
intent to commit felony evading arrest. The jury assessed appellant's punishment, enhanced by three
prior felony convictions, at 40 years' confinement for each offense. The trial court ordered these
sentences to run concurrently.

 Appellant claimed on direct appeal that the evidence is insufficient to support his conviction
for burglary of a habitation with intent to commit felony evading arrest because the felony evading
arrest offense was completed when appellant abandoned his vehicle before appellant's entry into the
habitation. (2) The Court of Appeals rejected this claim and decided that the felony evading arrest 
"continued until appellant was later caught and arrested." See Hobbs v. State, No. 11-03-00082-CR
slip op. at 6 (Tex.App.-Eastland, February 6, 2004) (not designated for publication). We exercised
our discretionary authority to review this decision. The grounds upon which we granted
discretionary review state:

 1) Is felony evading arrest in a motor vehicle a continuing offense after the vehicle
is no longer in use?


 2) Is it legally possible to enter a habitation with the intent to commit the felony of
evading arrest in a motor vehicle when the actor is not in possession of the vehicle?


 Appellant's complaint is two-fold. He alleges that he could not have intended to commit a
felony evasion of arrest offense when he entered the habitation because any such offense was
completed when he abandoned the vehicle. Thus, he claims no burglary as defined in Tex. Pen.
Code, § 30.02(a)(1), (2), could have been committed as this section requires an entry into a
habitation with the intent to commit a felony. (3) The crux of appellant's argument is that at most he
committed two offenses of evading arrest. He claims that he committed one evading arrest offense
which was completed when he abandoned his vehicle at which time his commission of the other
evading arrest offense began when he continued his flight on foot. Appellant essentially argues that
the different means of locomotion are what makes these two separate offenses. (4)

 This presents an issue of statutory construction, particularly whether the different means of
locomotion are "allowable units of prosecution" under Section 38.04(a) which, in relevant part,
defines the offense as a person who "flees from a person he knows is a peace officer attempting
lawfully to arrest or detain him." (5) This language plainly does not define separate offenses (or
"allowable units of prosecution") when different means of locomotion are used. (6) In addition, Section
38.04(b)(1), which elevates the punishment level for the offense defined in Section 38.04(a) when
a vehicle is used, requires only that a vehicle be used at some time during the commission of this
offense. As applied to this case, Section 38.04(b)(1) did not require that appellant intended to use
his abandoned vehicle (or some other vehicle) when he entered the habitation.

 Appellant also claims that the felony evading arrest was completed when, according to
appellant, the police gave up the pursuit. Appellant further claims that, if evading is a continuing
offense from the beginning of pursuit until apprehension, then the successful evader that commits
a criminal trespass days, weeks, months or years later, is guilty of burglary of a habitation with the
intent to commit felony evading. Appellant argues in his brief on discretionary review:

 The Court of Appeals determination that evading arrest is inherently a continuing
offense and their ruling that it continued from the beginning of the chase until
Petitioner's apprehension and arrest would lead to absurd results. For example, any
person that effectively evaded arrest on foot that was apprehended hours, days,
weeks, months or even years later during a traffic stop where they were driving the
vehicle would be guilty of evading arrest with a motor vehicle, even though at no
time was a vehicle used in the successful evasion of the original pursuing officer. .
. . Therefore, a person is only committing the offense of evading for so long as the
officer is actively attempting lawfully to arrest or detain him. According to the plain
language of the statute, once an officer gives up the pursuit, the suspect is no longer
evading arrest, he has evaded arrest. While his fugitive status continues the active
commission of the crime of evading arrest has been completed. In this case, officers
gave up their pursuit of Petitioner on two occasions. The first being when [an
officer] ceased pursuit in his patrol unit. (Citation to record omitted). Even if the
court concludes that the pursuit was not given up then, it was certainly given up when
[the officers] stopped for the night. (Citation to record omitted). Therefore,
Petitioner had evaded the officers and the offense was complete. There is no
evidence that he later knew they were searching for him.[ (7)] Petitioner's actions after
the pursuit entered were those of secreting himself and seeking shelter.[ (8)]


 The record, however, does not support a finding that the police gave up the pursuit. Instead,
the record reflects that the pursuit was temporarily suspended and resumed several hours later when
it was feasible for the officers to effectively search for the appellant. This case does not present the
situation described in appellant's brief of the successful evader who commits a criminal trespass
days, weeks, months or years later.

 The dissenting opinion apparently agrees that the felony evading arrest offense continued
until appellant's apprehension and that appellant was still in the process of committing this offense
when he entered the woodshed. See Hobbs v. State, S.W.3d slip op. at 1 (Tex.Cr.App. No. PD-0570-04, delivered this date) (Cochran, J., dissenting) (evading arrest may be a continuing offense
and a change in the manner of locomotion-from fleeing in a vehicle to fleeing on foot-does not
convert a single, continuous criminal act of evading arrest into separate crimes). The dissenting
opinion, however, claims that the Court's decision is not dispositive of whether appellant intended
to commit this felony when he entered the woodshed. See Hobbs v. State, S.W.3d slip op. at
3-4 (Tex.Cr.App. No. PD-0570-04, delivered this date) (Cochran, J., dissenting) (fact that evading
arrest may be a continuing offense not determinative of appellant's intent when he entered the
woodshed). The dissenting opinion claims that appellant is not guilty of the burglary offense unless
the evidence shows that he intended to use a vehicle again to escape arrest when he entered the
woodshed. See Hobbs, slip op. at 2 (Cochran, J., dissenting).

 We disagree. A decision that the felony evading arrest offense continued until appellant's
apprehension is dispositive of whether appellant intended to commit this felony when he entered the
woodshed. If (as everyone apparently agrees) the felony evading arrest offense in this case is a
continuing offense, the evidence must show only that appellant used a vehicle at some time during
the commission of this offense for him to be guilty of the burglary offense. It is not necessary for
the evidence to show that appellant intended to use a vehicle again when he entered the woodshed. 
The dissenting opinion essentially would decide that appellant committed a separate misdemeanor
evading arrest offense when he entered the woodshed (9) while he was still in the process of
committing the other felony evading arrest offense.

 The judgment of the Court of Appeals is affirmed.


 Hervey, J.

Delivered: June 22, 2005

Publish
1. Tex. Pen. Code, Section 38.04(b)(1), provides:


 (b) An offense under this section is a Class B misdemeanor, except that the offense is:

 (1) a state jail felony if the actor uses a vehicle while the actor is in flight and the
actor has not been previously convicted under this section;
2. The point of error presenting this claim in appellant's brief in the Court of Appeals stated:


 Is the evidence legally sufficient to support a conviction on the Burglary of a
Habitation charge where the intended felony was complete at the time of entry into
the Habitation?
3. The underlying felony in these cases is the felony evading arrest.
4. Under appellant's construction of Article 38.04(a), therefore, a person would commit 10
evading arrest offenses when (1) that person fled from the police in his car which he abandoned and
(2) fled on foot until (3) he used a small-wheeled (less than 14 inches in diameter) bicycle which he
abandoned and (4) fled on foot until (5) he used a pair of roller skates which he abandoned and (6)
fled on foot until (7) he used a pair of roller-blades which he abandoned and (8) fled on foot until
(9) he used a skateboard which he abandoned and (10) fled on foot until he was caught. 
5. See generally Vineyard v. State, 958 S.W.2d 834 (Tex.Cr.App. 1998); Patterson v. State, 152
S.W.3d 88, 92-94 (Tex.Cr.App. 2004) (Hervey, J., concurring in the judgment).
6. This construction of Section 38.04(a) finds support in the New Mexico Court of Appeals'
construction of a similar statute in a similar case where the defendant initially fled from the police
in his car and then on foot. See State v. Lefebre, 19 P.3d 825, 830-32 (N.M. Ct. App. 2001) (division
of evading an officer based on different means of locomotion used during one chase episode "is
artificial and not required or contemplated by the [applicable] statute").
7. The evidence that appellant was hiding in the habitation when the police found him is
evidence that appellant knew that the police were still searching for him. 
8. These claims are not encompassed within the grounds upon which we granted discretionary
review. The Court of Appeals also did not address these specific claims. And, it is not clear that
appellant fairly presented them in the Court of Appeals. Appellant summarized his argument in the
Court of Appeals as follows:


 The evidence is legally insufficient to support a conviction on the Burglary of a
Habitation charge because the underlying felony was complete prior to the entrance
into the habitation. Appellant had ditched the car and the officers had called off the
search prior to the entrance. Also, Appellant was on foot and was not in a vehicle
when Appellant entered into the habitation. Thus, the underlying felony was
complete prior to Appellant entering the habitation and therefore Appellant could not
have the intent to commit evading arrest with a vehicle. The most intent Appellant
could have had was evading arrest, a misdemeanor, and that would not be enough to
support a conviction of Burglary of a Habitation with the intent to commit evading
arrest with a vehicle.
9. See Hobbs, slip op. at 3 (Cochran, J., dissenting) (appellant had only a misdemeanor-ish
intent at time of unlawful entry into the woodshed).