**Opinion filed January 15, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00001-CR
_____

## GINO RICHARD VALADEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR28970**

## M E M O R A N D U M   O P I N I O N

The grand jury indicted Appellant, Gino Richard Valadez, on three counts of possession of child pornography. *See* TEXAS PENAL CODE ANN. § 43.26 (West Supp. 2024). After the trial court found him guilty of all three counts, it assessed his punishment at confinement for ten years for each conviction with all three sentences

to run concurrently.[1] In a single issue, Appellant asserts that his multiple convictions for the same offense violates double jeopardy. We affirm.

*Background Facts*

Appellant began a dating relationship with T.G. when she was sixteen years old. T.G. testified that a part of their relationship consisted of Appellant asking her to send him intimate pictures and videos. They began having physical relations that involved sexual intercourse, and they filmed themselves while having sex.

Investigator Joe Aaron Taylor of the Brownwood Police Department recovered explicit videos from Appellant's cell phone. During Investigator Taylor's testimony, three videos recovered from Appellant's cell phone were admitted into evidence. State's Exhibit No. 23 depicts a naked male and naked female engaging in sexual intercourse. State's Exhibit No. 24 depicts a naked male and a naked female in what appears to be activities occurring immediately after having sexual intercourse. In this video, the female's sexual organ and anus are shown. State's Exhibit No. 25 depicts a fully naked female performing oral sex on a male's sexual organ. Detective Patrick Weaver of the Brownwood Police Department determined that the same female is depicted on each of the three videos, and he identified T.G. as that female. Detective Weaver also noted that T.G. was sixteen when she contacted the police to make her complaint.

*Analysis*

In his sole issue, Appellant contends that his multiple convictions for the same offense violates the Fifth Amendment's protection against double jeopardy. He bases this assertion on the fact the three counts alleging possession of child pornography "allege the same date of offense, the same victim, the same mental

---

[1]Appellant was also tried and convicted during the same trial for additional offenses. We affirmed those convictions in our cause nos. 11-24-00002-CR and 11-24-00003-CR. *See Valadez v. State*, No. 11-24-00002-CR, 2024 WL 3528158, at *3 (Tex. App.—Eastland July 25, 2024, no pet.) (mem. op., not designated for publication).

state, and the same visual material containing the same content." In presenting this issue, Appellant's counsel on appeal included a "Note to the Court" explaining that he "has not, of course, seen any pictures or videos depicting any child pornography" because those records are sealed, and he determined that he did not need to view them in order to prepare an appellate brief.[2] Instead, Appellant's trial counsel relied on the descriptions of the videos provided by the witnesses at trial.

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "The protection against double jeopardy includes the protection against multiple punishments." *Ex parte Benson*, 459 S.W.3d 67, 71 (Tex. Crim. App. 2015). There is no violation of the Double Jeopardy Clause's prohibition for multiple punishments if the evidence establishes the commission of distinct and separate offenses. *See Langs v. State*, 183 S.W.3d 680, 688 (Tex. Crim. App. 2006).

Each item of child pornography possessed by a defendant under Section 43.26 is an "allowable unit of prosecution." *Vineyard v. State*, 958 S.W.2d 834, 837–38 (Tex. Crim. App. 1998); *see* PENAL § 43.26. Accordingly, each item of child pornography found in a defendant's possession constitutes a separate offense for which he may be prosecuted and convicted. *See Vineyard*, 958 S.W.2d at 837–38; *Roise v. State*, 7 S.W.3d 225, 232 (Tex. App.—Austin 1999, pet. ref'd).

As an initial matter, the State contends that Appellant waived his double jeopardy claim by not raising it in the trial court. The State is correct that a double jeopardy claim generally must be raised in the trial court to preserve the error for appellate review. *See Gonzalez v. State*, 8 S.W.3d 640, 643–46 (Tex. Crim. App. 2000). Because of the fundamental nature of the double jeopardy protections,

---

[2]The reluctance of Appellant's appellate counsel to receive and view the alleged items of child pornography is certainly understandable given the distance between his office and Brown County. The transport, receipt, and viewing of evidentiary items consisting of child pornography is a matter of concern shared among court reporters, attorneys, and court personnel.

however, a double jeopardy claim may be raised for the first time on appeal or on collateral attack if two conditions are met: (1) the undisputed facts show that the double jeopardy violation is clearly apparent on the face of the record, and (2) when enforcement of the usual rules of procedural default serves no legitimate state interest. *Langs*, 183 S.W.3d at 687; *Gonzalez*, 8 S.W.3d at 643. Here, whether a double jeopardy violation occurred can be readily determined from the record by simply viewing the videos to determine whether the videos show the commission of distinct and separate offenses. *See Langs*, 183 S.W.3d at 688; *Luna v. State*, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973). Accordingly, Appellant has not waived his double jeopardy claim.

Appellant correctly asserts that the indictment appears to allege the same offense on the three counts. Each of the counts alleged that they occurred "on or about the 3rd day of March, 2022" in Brown County. Count One alleged that Appellant intentionally or knowingly possessed "visual material to wit: a video that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, namely actual sexual intercourse, deviate sexual intercourse, or lewd exhibition of the genitals." Count Two alleged that Appellant intentionally or knowingly possessed "visual material to wit: a video that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, namely actual deviate sexual intercourse or lewd exhibition of the genitals." Count Three alleged that Appellant intentionally or knowingly possessed "visual material to wit: a video that visually depicted, and which the defendant knew visually depicted a child who was younger than 18 years of age at the time the image of the

child was made, engaging in sexual conduct, namely actual or simulated lewd exhibition of the genitals."[3]

It is of no consequence for double jeopardy purposes if the counts appear to allege the same offense; the controlling factor is that there is proof that they were different offenses. *Luna*, 493 S.W.3d at 855; *Eubanks v. State*, 326 S.W.3d 231, 246 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

A person commits the offense of possession of child pornography if he "intentionally or knowingly possesses . . . visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct" and the person knows that the material depicts the child as described above. PENAL § 43.26(a). "'Sexual conduct' means sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." *Id.* §§ 43.25(a)(2), 43.26(b)(2). The statute does not define "lewd exhibition," but in analyzing whether a depiction of naked children is "lewd" under Section 43.25(a)(2) for purposes of child pornography, the Court of Criminal Appeals has approved consideration of such factors as whether the depiction's setting is sexually suggestive, whether it is associated with sexual activity, whether it is intended to elicit a sexual response, and whether the child is partially or fully nude. *Romo v. State*, 663 S.W.3d 716, 719–20 (Tex. Crim. App. 2022).

The evidence offered at trial contains proof showing separate and distinct offenses. *See Langs*, 183 S.W.3d at 688. As we have described, State's Exhibit Nos. 23, 24, and 25 are separate videos, each with different content. Each video

---

[3]The indictment originally listed a separate file name/number for the particular video upon which each count was based. However, the trial court granted the State's requested trial amendment to "abandon" the file names/numbers listed on each count.

depicts a female identified as a person younger than eighteen years of age engaging in sexual conduct, including, but not limited to, the lewd exhibition of her genitals in a setting associated with sexual activity. *See* PENAL §§ 43.01(1-a), (3), (5), 43.25 (a)(2), (7), 43.26 (a); *Romo*, 663 S.W.3d at 719–20. Each video is an allowable unit of prosecution for possession of child pornography because each depicts a different image constituting child pornography. *See Vineyard*, 958 S.W.2d at 838; *Eubanks*, 326 S.W.3d at 246.

Because the evidence offered at trial establishes that no double jeopardy violation occurred, we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

January 15, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.