IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,157






EX PARTE CECIL DON VINEYARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM SCURRY COUNTY






 

 Per Curiam.



O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07 of the Texas Code
of Criminal Procedure. Ex parte Young, 418 S.W.2d 824 (Tex. Crim. App. 1967). Applicant
was convicted of two charges of possession of child pornography and sentenced to
consecutive ten-year sentences. On appeal, the Eleventh District Court of Appeals reversed
one of the convictions on the basis that conviction for both offenses constituted double
jeopardy. Vineyard v. State, 913 S.W.2d 731 (Tex. App. 1995). The state filed a petition for
discretionary review, and this Court reversed the court of appeals' judgment and remanded
to that court to address applicant's remaining points of error. Vineyard v. State, 958 S.W.2d
834 (Tex. Crim. App. 1998). On remand the court of appeals affirmed the conviction. For
reasons unknown TDCJ was not informed of the reinstatement of applicant's second
conviction, and applicant was erroneously paroled on his first conviction on August 4, 1999.

 Shortly after applicant's release, TDCJ became aware of the existence of applicant's
second, consecutive sentence, and realized that the parole release had been erroneous. See 

Tex. Gov't Code § 508.150. On June 9, 2000 applicant was re-arrested and re-incarcerated. 

 Applicant contends, inter alia, that his TDCJ inmate records incorrectly reflect that
applicant is serving concurrent sentences. Moreover, as a result of the error in the records,
applicant alleges that his time credit has been incorrectly calculated. The record supports
applicant's claims.

 Therefore, the Texas Department of Criminal Justice shall correct applicant's records
in cause numbers 6614-A and 6511-A from the 132nd District Court of Scurry County, Texas
to reflect that the sentences in those cause numbers are to run consecutively. Furthermore,
the Texas Department of Criminal Justice is ordered to re-calculate applicant's time credit
status and sentence begin dates to reflect the effect of the change from concurrent to
consecutive sentences. Applicant's remaining grounds for review are dismissed.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Correctional Institutions Division, Review and Release Division, and the Board of Pardons
and Paroles Division.


DELIVERED: April 27, 2005 

DO NOT PUBLISH